428 P.2d 443

**The STATE of Arizona, Appellee,**

v.

**Jack CUZICK, Appellant.**

**No. I CA–CR 106.**

Court of Appeals of Arizona.

May 26, 1967.

Review Denied Sept. 21, 1967.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Royal & Carlson, by H. Wesley Carlson, Tucson, for appellant.

STEVENS, Judge.

This legal merry-go-round commenced with the arrest of the defendant inside a business establishment in the morning hours of 10 February 1963, at a time when it was still dark outside of the establishment. The defendant entered a plea of guilty to the

offense of burglary in the second degree on 13 May 1966. He was sentenced on 20 May 1966. Thereafter post-judgment motions were filed and, after hearings thereon, they were denied. This appeal followed.

The basic contentions of the defendant are an absence of jurisdiction in the Superior Court; a lack of a speedy trial; error in denying the motion for leave to withdraw his plea of guilty; and inadequate representation by the attorney who represented him at the time of the entry of the plea of guilty.

In relation to the attorney-representation of the defendant, it is interesting to note that all of the attorneys were attorneys of his own selection and that the attorney who represents him in relation to this appeal is his seventh attorney in connection with these charges. The attorneys will be designated by number in the numerical sequence of their appearance in the record. Attorneys 1 and 2 were partners. Pleadings were filed bearing the names of attorneys 4 and 5 in such manner as to indicate that they were partners.

## JURISDICTION OF THE COURT OF APPEALS

■ We consider the question of our jurisdiction on our own motion. This Court does not have jurisdiction to consider an appeal in relation to an offense "punishable by death or life imprisonment". A.R.S. Sections 12–120.21 and 13–1711; State v. Mileham, 1 Ariz.App. 67, 399 P. 2d 688 (1965). The complaint which was filed in the Justice Court, being the basis of the preliminary hearing, charged the offense of burglary by mechanical means. A.R.S. Section 13–303. One guilty of this offense shall be imprisoned "for not less than five years" which means "not less than five years and not more than life". A.R.S. Section 13–1644. In relation to this offense, this Court does not have appellate jurisdiction. The defendant was bound over to the Superior Court on the offense of burglary in the first degree. A.R.S. Section 13–302. An information charging this

offense was filed in the Superior Court. The maximum punishment which can be imposed for burglary in the first degree is fifteen years and this Court has appellate jurisdiction. After the filing of the information, and over the objection of the defendant and his co-defendant, the information was amended, the amended information charging burglary in the first degree with a statement of prior conviction. Pursuant to Arizona's Habitual Criminal Section, A.R.S. Section 13–1649, subsec. A, par. 1, the defendant was thereby charged so that he was "punishable" by imprisonment "for not less than ten years" that is to say, for not less than ten years and not more than life, a matter beyond the jurisdiction of this Court. There was a further amendment to the information at the time of the defendant's change of plea. As so amended, he was charged with the offense of burglary in the second degree without a statement of prior conviction. This offense is punishable by a maximum of five years. A.R.S. Section 13–302. As so charged, a conviction is within the jurisdiction of the Court of Appeals.

■ In an appropriate case, this Court has the power to reverse, to direct that the plea of guilty be set aside and to direct that a plea of not guilty be entered. The question is then presented: In the event that the decision of this Court in this cause should be to direct the setting aside of the plea of guilty and the entry of a plea of not guilty, does the reduced charge of burglary in the second degree stand, or may the trial court permit the filing of an amended information charging burglary in the first degree with a prior conviction? If the latter, then this Court would be without jurisdiction. We hold that a court exercising appellate jurisdiction would not have the authority to authorize the refiling of the information charging burglary in the first degree with a prior conviction and that the changed plea could only be addressed to the charge of burglary in the second degree. We hold that we have jurisdiction in relation to this appeal.

## JURISDICTION OF THE SUPERIOR COURT

Defendant urges an absence of jurisdiction in the Superior Court in that he was not bound over to the Superior Court for the identical offense charged in the complaint, which was the basis of the preliminary hearing. The defendant urges Rule 32, Rules of Criminal Procedure, 17 A.R.S. In part, this rule provides:

"A. If, during the preliminary examination * * * it appears to the magistrate conducting the examination that * * * although not guilty of the offense specified in the warrant he is guilty of some other offense, the magistrate shall forthwith direct the filing of a new complaint and the issuance of a new warrant of arrest and proceed with the examination thereon."

The statutory definition of burglary by mechanical means is set forth in A.R.S. Section 13–303. In part, this section provides:

"A person who, with felonious intent, enters a building * * * and * * * by the use of * * * force, or by use of any mechanical device or contrivance whatsoever, opens or attempts to open a vault, safe or other secure place designed for safe keeping of money or other valuable property * * *."

Burglary is defined by A.R.S. Section 13–302 and, in part, that section provides:

"A. A person entering a building * * * with intent to commit grand or petty theft, or any felony * * *"

There is an excellent argument in favor of holding that the offense of burglary is lesser and included within the offense of burglary by mechanical means. We are not called upon to decide this question and rest our opinion in relation to this phase of the case on other matters.

A person charged with a felony may waive preliminary examination. Article 2, Section 30 Arizona Constitution, A.R.S. He may also waive technical variances.

The defendant Jack Cuzick and his brother William F. Cuzick (State v. Cuzick, 97 Ariz. 130, 397 P.2d 629 [1964]), were apprehended in a building in the nighttime. A safe within the building had been moved and damaged. They were jointly charged and each had his separate attorney at the preliminary. The attorney for the brother took the lead in the questioning and the testimony did not disclose a conflict of interest between the two defendants. The attorney for the defendant, being attorney number 1, concurred in the positions urged by the brother's attorney. At the conclusion of the hearing, the magistrate was persuaded that the offense of burglary by mechanical means had not been sufficiently established. The brother's attorney addressed the magistrate:

"I appreciate that the Court could in (sic) the state of the evidence hold them to answer on the charge of the burglary. * * * We ask, therefore, that the Court, insofar as the charge before the Court is concerned, that the charge be dismissed; and, in the alternative that the Court in its discretion has the power to hold them to answer for plain burglary.

" * * * And in all fairness I say to the Court that certainly the Court could find, I wouldn't argue probable cause if there was probable cause to show a burglary, your Honor. But not the burglary charged. I appreciate that your Honor in view of the evidence may hold them to answer for whatever your Honor may say. * * *"

■■ Upon the conclusion of the preliminary hearing, both defendants were bound over on the charge of burglary in the first degree and they were both released on bond. Both defendants were charged by an information filed on 10 April 1963. The defendants appeared in the Superior Court on 22 April 1963 and were arraigned. The defendant was represented by attorney number 2. The minutes of the arraignment disclose that each of the defendants entered a plea of not guilty and waived the sixty

day period. The case was set for 14 June 1963, a date beyond the sixty day period. Both of the defendants were allowed ten days in which to file motions. No motions were filed attacking the sufficiency of the preliminary hearing until 6 June 1966 after the defendant had plead guilty and had been sentenced. Attacks upon the sufficiency of a preliminary hearing must be timely made. The 6 June 1966 motion is based upon Criminal Rule 169, subd. A(1) (h). The defendant urging:

"That the court trying the action has no jurisdiction of the offense charged or of the person of the defendant."

We are unable to sustain the defendant's position wherein he urges a lack of jurisdiction in the Superior Court.

## SPEEDY TRIAL

 Citations of authority are not required to sustain the legal position that a defendant is entitled to a speedy trial. Criminal Rule 236 states, in part:

"When a person has been held to answer for an offense * * * is not brought to trial for the offense within sixty days after * * * the information filed, the prosecution shall be dismissed upon the application of such person * * * unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action."

Prior to the 14 June 1963 trial date, the County Attorney moved for leave to file an amended information retaining the charge of burglary in the first degree and adding thereto a statement or allegation of prior conviction as to each of the defendants. The motion was set for hearing for 20 June 1963 and the case was re-set for trial for 15 August 1963. The record does not reflect any objections to the new trial date. At the time of the hearing both defendants objected to the filing of the amended information, these objections were overruled and the motion for leave to file was granted. The pleas of not guilty to the original information stood without change, each defendant denied the allegation of prior conviction and the 15 August trial date remained without change. A statement of prior conviction does not amend or modify the offense charged relating only to the sentence which can be imposed. Separate pleas are provided in the rules in relation to the offense charged and in relation to the alleged prior conviction. Separate and distinct proceedings are provided for the proof of each. In our opinion, the County Attorney could have moved to amend the information by adding an addendum setting forth the prior convictions and this could have had the same effect as was accomplished by securing leave to file the amended information.

On 13 August the defendant by and through attorney number 2, moved for a continuance for the reason that the defendant was at that time held in custody by the authorities of the State of New Mexico. At the time of the oral argument of the appeal, the Court inquired as to the date of the commission of the New Mexico offense and the Court was informed by the attorney that the offense was committed after 10 February 1963. The 13 August 1963 motion for a continuance was granted. On 18 September 1963, the defendant, through his attorney number 2, made a further motion for continuance due to the defendant's confinement in New Mexico. The file reflects a letter dated 25 September 1963 wherein attorney number 7 advised that he was informed that in the State of New Mexico the defendant had entered a plea of guilty and was sentenced to a term of one to three years.

The defendant next appeared in the Superior Court in Maricopa County on 7 April 1965 at which time he announced that he had employed attorney number 3 who was thereafter successful in postponing the trial to 22 September 1965. Shortly after the September date, attorney number 4 succeeded attorney number 3 and eventually a new setting for 24 January 1966 was entered. In the meantime and on 13 January 1966, attorney number 4 requested a Criminal Rule 250 examination and hearing, the

purpose thereof being to determine whether the person charged, "is insane or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense". The examination was conducted. The report was filed. On 22 March 1966, there was a judicial determination that the defendant was capable of standing trial. The case was then reset for 25 April 1966. On 13 May 1966 attorney number 5 filed a motion to dismiss for lack of a speedy trial and a motion attacking the jurisdiction of the Superior Court, urging that the defendant was illegally bound over from the Justice Court. Attorney number 7 urges these same matters on appeal in that they were denied on 13 May. After their denial and on the same date, the defendant entered a plea of guilty to burglary in the second degree with no statement of prior conviction.

■ It was urged in the Superior Court and it is now urged in this Court that there was a duty upon the State of Arizona to seek the surrender of the defendant by the authorities of the State of New Mexico for the purpose of enabling the defendant to be tried in Arizona. The defendant cites 18 U.S.C. § 4085 and Section 41–19–19 of the New Mexico Statutes. State v. Kostura, 98 Ariz. 186, 403 P.2d 283 (1965); State v. Heisler, 95 Ariz. 353, 390 P.2d 846 (1964) and In re Douglas, 54 Ariz. 332, 95 P.2d 560 (1939), are urged in support of the motion to dismiss for lack of a speedy trial. These cases establish the procedure to be followed by a defendant who claims to have been denied a speedy trial, the procedure being to make a motion to dismiss "when he is brought to trial" on the ground of the denial of a right to a speedy trial. (95 Ariz. Page 356, 390 P.2d Page 848). In *Kostura*, it was pointed out that the Governor of Arizona could not be subject to a writ of mandamus to compel him to institute the procedures essential for the transfer of prisoners from a sister jurisdiction.

■ We do not construe the statement of the Arizona Supreme Court that a defendant may make a motion to dismiss "when he is brought to trial" to mean that a defendant may secure delays for his own convenience and when the State is finally successful in securing a firm trial date and the moment of trial has arrived, then urge the motion. We hold that when the defendant returned to Arizona and appeared in court on 7 April 1965, he was then "brought to trial" within the meaning of the Supreme Court decision and he then had the choice, within a reasonable period of time, of seeking to urge a motion to dismiss by reason of delay or, as here, seeking extended continuances for his own benefit which precluded his thereafter urging a lack of a speedy trial. The file reflects that the State caused subpoenas to be issued and served anticipating a 15 August 1963 trial and the trial did not proceed at that time by reason of the defendant's own independent acts in the State of New Mexico. The State did not proceed to trial during 1965 or early 1966, the delay being not only with the consent of the defendant but at his request. We hold that the trial judge properly denied the motion to dismiss based upon an asserted lack of a speedy trial.

## ADEQUACY OF REPRESENTATION

■ The defendant cites the case of State v. Lopez, 3 Ariz.App. 200, 412 P.2d 882 (1966) as Arizona's authority that a defendant in a criminal case must be adequately represented. Lopez was an indigent defendant with appointed counsel. The Arizona Supreme Court in a case decided approximately four months after the *Lopez* decision, in the very carefully considered opinion of State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), certiorari denied 23 January 1967, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687, discusses the tests of the adequacy of representation by retained counsel.

The following quotations from *Kruchten* are of interest here:

"The assertion that counsel is incompetent or inadequate is a direct attack upon the attorney. It constitutes a waiver of the attorney-client privilege and

permits trial defense counsel to defend himself. (citing cases). * * *

"In considering the attack * * * we recognize that claims by convicted felons that their defense counsel were ineffective or incompetent are common. It lies behind a defendant's natural inclination to bring hindsight to bear on his lawyer's performance and often contains his second thoughts concerning his plea of guilty and the advice of counsel which led to it. * * *"

"The principle here controlling is that a conviction will be held invalid only if the representation by counsel was a farce or a sham. (citing cases)

" * * * 'Appellant's counsel was of his own choosing. Under such circumstances the rule has been often stated that only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail.'

> * * * * * *

"Strategical decisions are not the kind which courts permit convicted felons to indulge in second guessing."

For some period of time prior to 13 May 1966 the defendant and attorney number 4 were good friends and at times the defendant stayed in the home of his attorney. The defendant and attorneys 4 and 5 discussed strategy in connection with the pending criminal cause. The strategy was to plead guilty to the offense carrying the least possible maximum sentence. The defendant had given attorney number 4 a list of 20 witnesses all of whom were character witnesses. Only one resided in the State of Arizona and at least five resided without the continental United States. Attorney number 4 advised the defendant that the witnesses were not of value under the plan which they had formulated for the disposition of the criminal charge. He also advised the defendant that since the defendant was not an indigent, the State would not bear the expense of bringing the witnesses to the trial.

Prior to 13 May 1966, the defendant and attorney number 4 had a disagreement and the defendant then advised attorney number 5 that he looked to him for representation.

After the trial judge denied the motions which were urged on 13 May, attorney number 5 and the Deputy County Attorney negotiated in relation to a plea of guilty. Consummating these negotiations, the defendant entered a plea of guilty to burglary in the second degree with no statement of prior conviction. The maximum was five years whereas the lowest previous possible reduction had been burglary in the second degree with a prior conviction which carried a maximum of ten years. As was stated in the 10 May 1967 opinion of the Arizona Supreme Court in the case of State v. Martinez, 102 Ariz. 215, 427 P.2d 533, it "appears from the record that defendant's counsel bargained for a plea, and received the benefits".

## WITHDRAWAL OF GUILTY PLEA

After the plea of guilty, and the sentence a week later, attorney number 6 filed a motion for new trial. Attorney number 7 was then associated and he moved for leave to withdraw the plea of guilty and also sought a certificate of probable cause in connection with the appeal. In relation to these two matters, the trial judge conducted hearings and received evidence. One of the matters urged in connection with the motion for leave to withdraw the plea was the defendant's contention that he had not only been inadequately represented, but that his attorney had practiced fraud upon him. There was evidence that immediately following the entry of the plea of guilty, the defendant was pleased with the results and so expressed himself. There is a reporter's transcript of the proceedings in relation to the change of plea and certainly no trial judge could have used greater precaution in a sincere effort to ascertain that the plea was knowingly and voluntarily made with a complete absence of any promises.

Attorney number 5 testified in these post-judgment proceedings and answered somewhat embarrassing questions with candor in relation to his absence of preparation for a contested trial. Much was made of the absence of the 20 witnesses until the nature and character of their possible testimony became evident. Much was made of the fact that two of the State's witnesses had disappeared until the Deputy County Attorney testified that he had available seven witnesses who had either seen the defendant in the place of business in question, or had interrogated him. Attorney number 4 testified as to the planned strategy and the extensive conferences with reference to the best disposition which could be made of the case.

## CONCLUSION

We do not deem it essential to this opinion to detail all of the evidence presented, which, in our opinion, was more than adequate to support the trial court's determination. It is interesting to note that on cross-examination, on advice of counsel, the defendant declined to answer a question as to whether he had been previously convicted of a felony claiming his rights under the Fifth Amendment in view of the fact that there was a prosecution pending in Tucson in relation to an incident which occurred between the time of the plea and the time of sentence.

We recognize that all persons, be they saints or be they sinners, are entitled to proper safeguards of their rights. The record before us discloses knowing and purposeful delays and the final accomplishment of a strategy which permitted the defendant to plead to that degree of the offense which carried the lowest maximum sentence.

At the conclusion of the hearings on 22 July 1966, the court addressed the defendant's attorney number 7 as follows:

"Mr. Carlson, I honestly admire your tenacity and determination but I cannot agree with you."

We likewise so express ourselves.

 From a review of the entire record including many matters adverse to the defendant which are not set forth in this opinion, we express our approval of the care and caution exercised by the trial judge and we find his conclusions to be sustained by the record. A brief quotation from *Martinez* summarizes our analysis of this file:

"* * * when a defendant voluntarily and knowingly pleads guilty at his trial such constitutes a waiver of nonjurisdictional defenses, defects and irregularities in the proceedings."

The judgment of guilt and sentence are affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.