452 P.2d 99

**STATE of Arizona, Appellee,**

v.

**Larry Dean NAGLE, Appellant.**

**No. 1872.**

Supreme Court of Arizona.

March 28, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Douglas H. Clark, Jr., Tucson, for appellant.

UDALL, Chief Justice.

Defendant, Larry Dean Nagle, was charged with kidnapping while armed with a gun, in violation of A.R.S. § 13–491, as amended. He entered a plea of guilty. No prior offenses were alleged or shown. He was convicted of the offense and given a sentence of 12 to 15 years. A motion to have the sentence reduced, on the ground that it could not exceed a maximum term of 10 years pursuant to A.R.S. § 13–491, subsecs. C & D, was denied, and an appeal was taken to this court.

A.R.S. § 13–491, subsec. D provides:

"D. A crime as prescribed by the terms of subsections A and B, (kidnapping) committed by a person armed with a gun or deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense, shall the person convicted be eligible for commutation of sentence. As amended, Laws 1967, Ch. 62, § 6."

Defendant contends that this statute does not provide a maximum sentence for a first offense and that therefore the court could impose only a punishment of not less than 5 years (as provided in subsection D) and not more than 10 years (as provided in subsection C). Subsection C reads as follows:

"C. A person who violates any provision of this section shall be punished by imprisonment in the state prison for not less than one nor more than ten years."

The defendant argues that under the terms of subsection D the maximum penalty for the first offense is unclear. Such being the case, it is contended that the maximum penalty must be 10 years as provided in subsection C.

The defendant asserts that Arizona has consistently held that the fundamental rule of construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. Webb v. Frohmiller, 52 Ariz. 128, 79 P.2d 510 (1938); Cyr and Evans Contracting Company v. Graham, 2 Ariz.App. 196, 407 P.2d 385 (1966).

The State contends that the pertinent portion of the charging statute, § 13–491, subsec. D, is controlled by the terms of § 13–1644, as amended, which reads as follows:

"When a person is subject to punishment for a crime by imprisonment in the state prison for a term not less than any specified number of years and no limit to the duration of the imprisonment is declared, the court authorized to pronounce judgment upon such person may sentence him to imprisonment during his natural life, or for any number of years not less than prescribed."

Thus, the State asserts, under the provisions of § 13–1644, when a person is subject to punishment for a crime by imprisonment in the state prison for a term of not less than any specified number of years, the court is authorized to pronounce judgment upon such person for a period of not less than the number of years specified in the statutes and extending to the time of his natural life. This court is in agreement with this contention. In State

v. Cuzick, 5 Ariz.App. 498, 428 P.2d 443 (1967), the Court of Appeals, considering the question of its jurisdiction of an appeal from a burglary conviction, stated:

"The complaint which was filed in the Justice Court, being the basis of the preliminary hearing, charged the offense of burglary by mechanical means. A.R.S. Section 13–303. One guilty of this offense shall be imprisoned 'for not less than five years' which means 'not less than five years and not more than life.' A.R.S. Section 13–1644."

There is no ambiguity in A.R.S. § 13–491, subsec. D. The statute clearly provides that the punishment for conviction may extend for any number of years, not less than five, up to a term for life.

Judgment affirmed.

LOCKWOOD, V. C. J., and McFARLAND, J., concur.