512 P.2d 36

**The STATE of Arizona, Appellee,**

v.

**Charles Eddie BRIDGES, aka Norman Edward Thurston, III, Appellant.**

**No. 2 CA–CR 323.**

Court of Appeals of Arizona,
Division 2.

July 18, 1973.

---

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Ed Bolding, Pima County Public Defender, by Michael O. Zavala, Asst. Public Defender, Tucson, for appellant.

KRUCKER, Judge.

Appellant was indicted in March, 1972, by a Pima County Grand Jury on one count of grand theft and five counts of drawing a check on insufficient funds. In April of the same year he was incarcerated in the Dade County, Florida jail and informed of the outstanding warrants for his arrest. While in Florida, appellant sent a motion for a speedy trial to the Superior Court of Pima County, which was denied because it was "untimely."

Appellant then filed a mandamus action in this court requesting that the county attorney be compelled to grant him a speedy trial, discharge the action or withdraw the detainer. The petition was denied because by that time appellant had already been returned to Arizona and the lower court had not yet ruled on the question of whether he had been denied a speedy trial.[1]

---

1. At oral argument before this court, appellees conceded that the court erred in this issue.

1. Bridges v. Superior Court, No. 2 CA–CIV 1334 (filed December 13, 1972).

On December 3 he was returned to Arizona and arraigned on December 5, 1972, at which time the Public Defender was appointed to represent him. Appellant plead not guilty to the charges. On December 21, 1972, acting in propria persona, he filed a motion to quash or dismiss the indictment. Apparently no hearing was had on the motion. On December 28, 1972, he changed his plea of not guilty to guilty on the charge of grand theft and the county attorney moved to dismiss the other charges pursuant to a plea bargain agreement. Thereafter, appellant was sentenced to a term of two to four years in the Arizona State Prison, to run concurrently with the Florida sentence. He was subsequently returned to Florida.

Appellant now claims that he was denied the right to a speedy trial[2] and that his guilty plea does not constitute a waiver of his right to a speedy trial.

■ Both contentions can be disposed of together because in Arizona a plea of guilty waives all rights a defendant has to a speedy trial. State v. Tuggle, 101 Ariz. 216, 418 P.2d 372 (1966); State v. Rhodes, 104 Ariz. 451, 454 P.2d 993, cert. denied, 396 U.S. 945, 90 S.Ct. 383, 24 L.Ed. 2d 246 (1969). Appellant argues that *Tuggle* is distinguishable from the instant case because denial of the right to a speedy trial had not been raised in *Tuggle* prior to the plea, whereas here appellant did raise the issue. We do not agree that such a distinction is significant. Even when a defendant does raise the speedy trial issue, the guilty plea is still effective as a waiver of the right to a speedy trial. State v. Jackson, 17 Ariz.App. 533, 499 P.2d 111 (1972).

■ The proper method for raising the issue of speedy trial is to file a motion to dismiss or to quash the indictment or information when the defendant is brought to

trial. State v. Heisler, 95 Ariz. 353, 390 P.2d 846 (1964); State v. Cuzick, 5 Ariz. App. 498, 428 P.2d 443 (1967). In *Cuzick* defendant was deemed to have been "brought to trial" when he was returned to Arizona and made his appearance in court. In the instant case appellant filed such a motion upon his return but apparently chose to accept the benefits of the plea bargain agreement.

Having determined that the right to a speedy trial is waived, we need not consider the reasonableness of the delay.

For the foregoing reasons, the judgment below is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

---

2. Art. 2 § 24 of the Arizona Constitution, A.R.S., states, "In criminal prosecutions, the accused shall have the right to . . . a speedy public trial. . . ." The Sixth Amendment to the United States Constitution, also guaranteeing the right to a speedy trial, applies to the states. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).