540 P.2d 680

**STATE of Arizona, Appellee,**

v.

**Arlen Porter SMITH, Appellant.**

No. 3217.

Supreme Court of Arizona,
En Banc.

Oct. 1, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Warren G. Levenbaum, Phoenix, for appellant.

HAYS, Justice:

Arlen Porter Smith, hereinafter the defendant, pled guilty to first degree burglary. He was sentenced to serve from three to five years in the Arizona State Prison and now appeals. This court has jurisdiction of the case pursuant to Rule 47(e)(5), Rules of the Supreme Court.

■ Smith was not sentenced until 36 days after the determination of guilt. He urges this as a ground for resentencing. Rule 26.3, 1973 Rules of Criminal Procedure, provides that "[s]entence shall be pronounced not less than 15 nor more than 30 days after the determination of guilt . . . ." While the defendant makes much of the word "shall," the comment to the rule uses the word "should" in discussing the pronouncement of sentence. The time limit is not jurisdictional. *See State v. Huante,* 111 Ariz. 236, 527 P.2d 281 (1974). In this case, the probation department requested a delay of eight days from the initial date set for sentencing. The defendant made no objection then and has shown no prejudice by reason of the short delay. The same rule provides an exception to the time limit for "good cause." The period of time set is to provide the probation department sufficient time to prepare a thorough presentence report. Comment, Rule 26.3, 1973 Rules of Criminal Procedure. Much of the information contained in the report concerning Smith was from Oregon. The delay sought by the probation department could be attributed to good cause and it was within the trial court's discretion and to the defendant's benefit to reset the sentencing date for the short period of time.

The defendant next contends as a basis for remanding the case for a mitigation hearing that he was denied the effective assistance of counsel when counsel failed to request a presentence hearing. In the alternative, Smith contends that the trial court on its own initiative should have held a hearing.

■ This court will not grant relief because of an allegation of ineffective counsel unless a showing is made that the proceedings were reduced to a farce. *State v. Wilcynski,* 111 Ariz. 533, 534 P.2d 738 (1975). Smith's attorney demonstrated his competence from the outset in reaching the plea agreement. Counsel may have well felt that the trial court had ample information before it from which to determine a just sentence without the necessity of a separate hearing. There was not only an extensive presentence report from the probation department before the trial judge, but many letters from Smith's relatives and friends. The defendant was not denied the effective assistance of counsel.

■ The trial judge could have held a presentence hearing on his own initiative. Rule 26.7, 1973 Rules of Criminal Procedure. The purpose of such a hearing is to insure that the sentencing judge is fully informed as to the character of the individual to be sentenced as well as to the circumstances of the crime. *State v. Smith,* 66 Ariz. 376, 189 P.2d 205 (1948). However, such a hearing is not mandatory and if the record indicates, as does the one before us, that the inquiry already made was a sufficient basis on which to proceed, the case will not be remanded for a presentence hearing and resentencing. There was no abuse of the trial court's discretion in the instant case.

The sentence was within the statutory limits. ARS § 13–302. Although it was not in accord with the recommendation of the probation department, the sentence was not an abuse of discretion. *State v. Wilcynski, supra.*

The judgment of guilt and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.