■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CRANMER, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered November 14, 1975, upon a verdict convicting defendant of the crime of robbery in the first degree. The defendant was charged in a felony complaint filed in the Binghamton City Court on February 6, 1975 with having robbed a market on January 10, 1975 and a warrant for his arrest was issued on that day. On August 8, 1975 an indictment was filed charging the defendant with the said robbery and he was returned to New York from prison in Florida on August 12, 1975 in the company of two detectives of the Binghamton police force. Upon arrival in Binghamton the defendant was taken to the police station where the police decided to question him as to the robbery. The defendant was given his *Miranda* warnings, and as found by the trial court, he voluntarily and freely waived his rights, including his right to the advice of counsel, and he wrote down words on a piece of paper concerning the crime and signed it. The document was in the form of a statement and was inculpatory, and it was admitted in evidence as People's Exhibit No. 9 over objection. The defendant while incarcerated in Florida forwarded to the Binghamton City Court a demand for a speedy trial which was received on April 14, 1975 and apparently given to the District Attorney on the same day. The matter was scheduled for trial on October 6, 1975. The defendant contends that the matter was not timely disposed of pursuant to the provisions of CPL article 580 because trial commenced after October 6, 1975. However, upon argument of this matter at the trial the District Attorney pointed out that the case was adjourned beyond the October 6 date because the defendant was going to plead guilty, but later changed his mind. This allegation was not disputed by the defendant and it is thus apparent that if he was not timely tried, it was at his own request and as the result of his own conduct. Under such circumstances there has been a waiver of his right to a speedy trial (cf. *People v White,* 51 AD2d 221, 223; *People v White,* 33 AD2d 217; see *People v Panarella,* 50 AD2d 304). The defendant contends that the trial court erred in denying his motion to suppress the written statement and overriding the objection to its admission in evidence at the trial. Following the suppression hearing, the trial court found that "the constitutional rights of the defendant were not violated by * * * any * * * member of the * * * Police * * * at any time from the commencement of the questioning of the defendant to the termination thereof." Among other things, the defendant contends that as a matter of law his constitutional rights were violated by any interrogation after indictment and without a waiver of counsel in the presence of counsel. In the case of *People v Hobson* (39 NY2d 479, 486) the Court of Appeals in its majority decision disapproved of the cases of *People v Lopez* (28 NY2d 23, cert den 404 US 840) and *People v Wooden* (31 NY2d

753, cert den 410 US 987). *People v Lopez (supra)* involved a statement made after indictment and before arraignment without advice of counsel. The majority in *Lopez* held that the defendant could waive his right to counsel, but the dissent therein urged that once the criminal action was commenced against a defendant, there could be no waiver of the right to counsel in the absence of counsel. *People v Wooden (supra)* involved the question of waiver of counsel by the defendant therein after indictment and arrest but before assignment of counsel and arraignment. In *Wooden,* the court affirmed on the basis of the *Lopez* case. In the case of *People v Hobson (supra,* pp 491-493) Judge Gabrielli in a concurring opinion noted that the majority was enunciating a view that the right to counsel may not be waived after indictment and in the absence of counsel while in custody. Upon the present record we are constrained by *People v Hobson (supra)* to find that the statement should have been suppressed (see *United States v Sutterfield,* — F2d —). The defendant's contention that the record did not otherwise have proof beyond a reasonable doubt of his guilt is without merit; however, under *Hobson* the error was a constitutional violation and thus a new trial is required. Under such circumstances *People v Crimmins* (36 NY2d 230) is not applicable. Judgment reversed, on the law, and a new trial ordered. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.