729 P.2d 336

**STATE of Arizona, Appellee,**

v.

**Edward Lawrence CARTER, Appellant.**

**No. 1 CA–CR 9406.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 14, 1986.

Review Denied Dec. 16, 1986.

Ross P. Lee, Maricopa County Public Defender by Carol Carrigan, Deputy Public Defender, Phoenix, for appellant.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Criminal Div. and Vicki Gotkin Adler, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

In this appeal we must determine whether the time limitations imposed by the Interstate Agreement on Detainees (IAD), A.R.S. §§ 31–481 and 482, are jurisdictional and therefore cannot be waived by a plea of guilty.

Defendant, Edward Lawrence Carter, was originally arrested on two counts of trafficking in stolen property, class 3 felonies, on November 9, 1983. At that time, he was an escapee from the Waupun Correctional Institution in Waupun, Wisconsin. The authorities in Arizona returned the defendant to Wisconsin to complete his sentence there. On February 7, 1984, he was indicted by the Maricopa County Grand Jury on two counts of theft and two counts of trafficking in stolen property, all class 3 felonies.

The State of Arizona lodged a detainer based on these charges with the State of Wisconsin on June 19, 1984. On September 17, 1984, the defendant sent a letter through the prison mails to his warden requesting a speedy trial on the Arizona charges. On October 14, he also sent a

letter to the Maricopa County Attorney's Office requesting a speedy disposition of his case. A representative from that office wrote back to the defendant informing him that he should contact prison authorities regarding obtaining the necessary forms to request a speedy trial. The defendant refused a request by prison authorities to sign Form 2, a notice of imprisonment and request for disposition on the indictment. The state then proceeded under Article IV of the IAD. The defendant was returned to Arizona on March 19, 1985, and was arraigned on March 26, 1985, at which time he entered a plea of not guilty to all charges. On April 22, 1985, the defendant filed a motion to dismiss, contending that the applicable time limitations under the IAD had been violated. After an evidentiary hearing, this motion was denied.

On July 15, 1985, the defendant entered into a plea agreement. He pled guilty to two counts of trafficking in stolen property in exchange for the state's dismissal of the two theft charges and the allegation of prior conviction. The original date for sentencing was August 15, 1985. The probation department filed a motion to continue sentencing to allow further time in which to complete the presentence report. The defendant's counsel had no objection, but the defendant appeared in person and objected to the continuance. The trial court granted the request to continue until September 5, 1985. On that date, the trial court sentenced the defendant to the presumptive term of five years on each count, the terms to run concurrently with each other and with the term he was currently serving in Wisconsin.

On appeal, the defendant contends that the trial court's denial of his motion to dismiss the indictment because of speedy trial violations constitutes reversible error. The state contends that the defendant's guilty plea waived this non-jurisdictional defect.

■ It is clear in Arizona that a guilty plea waives all nonjurisdictional defects. *State v. Flewellen*, 127 Ariz. 342, 621 P.2d 29 (1980). This is true even where the defendant had raised a speedy trial issue prior to entering a guilty plea. *State v. Bridges*, 20 Ariz.App. 273, 512 P.2d 36 (1973). The defendant argues that construction of the IAD is not governed by these Arizona cases relied upon by the state. We agree that construction of the IAD is governed by federal law. *Cuyler v. Adams*, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). Application of federal law, however, mandates the same result as that provided by Arizona law. By entering into a guilty plea, a defendant waives his right to claim pre-plea constitutional violations. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The defendant contends, however, that he is raising a jurisdictional issue (violation of IAD time limitations) which was not waived by his plea of guilty. We do not agree.

At the evidentiary hearing, the trial court found that the defendant's September 17 letter to the warden of the Wisconsin prison did not trigger the time limits of Article III. Defendant conceded and the court found that the state had proceeded properly under Article IV. The state obtained jurisdiction over the defendant by following the procedure set forth in Article IV. If we were to take as true the defendant's claim that he proceeded properly under Article III, his request for a final disposition would constitute a waiver of extradition and a consent to Arizona jurisdiction. A.R.S. § 31–481 III(e).

The IAD is designed to protect prisoners from unfair detainers, not to provide prisoners with a means to escape prosecution. *State v. Burrus*, 151 Ariz. 572, 729 P.2d 926 (App.1986). Article IX provides that the IAD "shall be liberally construed so as to effectuate its purposes." The stated purpose of the IAD as it is set forth in Article I is: "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints."

**534**

The IAD speedy trial limits serve the same purpose as state and federal speedy trial requirements. If the state fails to comply with the IAD time limits in bringing the prisoner to trial, the subject indictment will be dismissed. However, these time limitations are for the benefit of the defendant and can be waived. *Commonwealth v. Fasano*, 6 Mass.App. 325, 375 N.E.2d 361 (1978); *United States v. Eaddy*, 595 F.2d 341 (6th Cir.1979); *People v. Crammer*, 55 A.D.2d 786, 389 N.Y.S.2d 905 (1976). If speedy trial limitations can be waived, obviously they are not jurisdictional in the sense that their violation deprives a court of the power to act against the defendant.

Considering the legislative history and purpose of the IAD, we find that determination of whether the state has complied with the time limits in which a prisoner must be brought to trial under Article III or Article IV is not a jurisdictional question. Therefore, it can be, as it has been in this case, waived by a subsequent plea of guilty.

### SENTENCING

The defendant next claims that the trial court abused its discretion in granting a continuance of the sentencing date in this case. We note that the defendant's counsel had no objection to the continuance.

Pursuant to Rule 26.3(a), Arizona Rules of Criminal Procedure, a defendant must be sentenced not less than 15 or more than 30 days after the determination of guilt. Rule 26.3(b) governs extensions of time for sentencing:

> If a pre-sentencing hearing is requested under Rule 26.7, or if good cause is shown, the trial court may reset the date of sentencing within 60 days after the determination of guilt.

In this case, the determination of guilt took place on July 15, 1985, when the trial court accepted the plea. *See* Rule 26.1(c), Arizona Rules of Criminal Procedure. The original sentencing date was August 15, 1985, 31 days after the determination of guilt. No objection has been made to this original sentencing date.

The time limit set forth in Rule 26.3 is not jurisdictional. *State v. Smith*, 112 Ariz. 208, 540 P.2d 680 (1975). Rather, the time period provided in Rule 26.3 is for the purpose of allowing the probation department sufficient time to prepare a thorough presentence report. *Id.* In this case, the probation department requested the continuance because it needed more time to complete its report. The defendant has shown no prejudice resulting from the delay. The delay sought was for good cause and the trial court did not abuse its discretion in granting the continuance.

We affirm the judgments of conviction and sentences imposed in this case.

FROEB, C.J., and EUBANK, J., concur.