STATE of Utah, In the Interest of
E.G.T., a Person Under Eighteen
Years of Age.

No. 900470–CA.

Court of Appeals of Utah.

March 11, 1991.

As Amended March 21, 1991.

James M. Park, The Park Firm, Cedar City, for appellant.

R. Paul Van Dam, State Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., for the State.

## MEMORANDUM DECISION

Before ORME, GARFF and BENCH, JJ. (On Law and Motion).

PER CURIAM:

This case is before the court on the State's motion to dismiss appeal on the ground that the issues raised in the appeal from a juvenile court certification order were mooted by appellant's subsequent guilty plea in district court. We deem the motion to be a suggestion of mootness pursuant to Utah R.App.P. 37(a). The suggestion is disputed by appellant.

This appeal is taken from an order of the fifth district juvenile court dated July 20, 1990, certifying E.G.T. as an adult for purposes of the disposition of the criminal charges of burglary of a building and criminal mischief, both third degree felonies, and burglary of a vehicle and unlawful possession or consumption of alcohol by a minor, both Class B misdemeanors. On appeal of the juvenile court order, E.G.T. claims that he was improperly denied court-appointed counsel based upon the court's erroneous determination that he and his parents did not satisfy the indigency requirements. E.G.T. argues that the indigency determination is shown to be erroneous by the fact that the circuit court later appointed counsel to represent him in the adult court system based upon the same financial information.

This court previously noticed this case for summary reversal based on *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and the court received memoranda from the State and appellant. Prior to a ruling on the motion, however, the State filed a motion to stay proceedings on the motion for summary reversal based upon the entry of guilty pleas in district court pursuant to a plea bargain, and upon the pendency of a hearing to determine whether E.G.T. intended a waiver of this appeal by entering the guilty pleas. This court granted the motion to stay proceedings on its sua sponte motion for summary reversal, and the State filed the "suggestion of mootness" now before the court.

On October 16, 1990, E.G.T., who was represented by counsel in the district court, entered guilty pleas to the charges of Burglary of a Building, a third-degree felony, and Burglary of a Vehicle, a class A misde-

meanor. The pleas were not conditional upon preserving the appeal from the juvenile court's certification order, which is a final appealable order under *State v. Bell,* 785 P.2d 390, 405 (Utah 1989). On November 1, 1990, the district court held an additional hearing to confirm that E.G.T. understood the possible consequences of his guilty pleas on the pending juvenile court appeal. Following that hearing, the district court entered findings of fact and conclusions of law, including the finding that

> After a hearing on November 1, 1990, the court also finds Defendant entered his guilty pleas aware of the possibility that said pleas may result in the dismissal of his appeal from a Fifth District Juvenile court order of certification currently before the Utah Court of Appeals in case No. 900470–CA.

The State argues that by subjecting himself to the jurisdiction of the district court and pleading guilty to two of the crimes that were certified to that court by the juvenile court, E.G.T. has waived his right to continue his appeal from the certification order. The State thus urges this court to adopt the reasoning of the Nevada Supreme Court in *Reuben C. v. State,* 99 Nev. 845, 673 P.2d 493 (1983) (per curiam). Relying on *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the court in *Reuben C.* held "that a challenge to the juvenile proceedings which resulted in the filing of felony charges against appellant is precluded by the entry of a plea of guilty to those charges." 673 P.2d at 493–94. The State also notes that E.G.T.'s pleas were not conditional, nor did he seek a stay of the district court criminal proceedings pending his appeal.

E.G.T. does not dispute that his guilty pleas were not conditional upon preserving his appeal from the certification order, pursuant to *State v. Sery,* 758 P.2d 935 (Utah Ct.App.1988), nor does he dispute that he did not seek a stay of the district court proceedings pending this appeal. Instead, he represents that "when faced with a plea agreement that could [possibly] lead to his freedom on probation as opposed to remaining in custody until the [appellate] process

was completed, he accepted the plea agreement and took the risk that his plea might moot the appeal." E.G.T. also characterizes the issues raised in this appeal as "jurisdictional," and thus contends they are not waived by entry of a guilty plea. E.G.T. represents that the appeal "was filed before entry of the guilty plea, and the jurisdiction of the district court may still be contested" by an appeal from the certification order.

■ The issue before this court is whether the entry of unconditional pleas of guilty constitutes a waiver of the claims asserted in the juvenile court appeal. The United States Supreme Court case of *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), states the general rule that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

411 U.S. at 267, 93 S.Ct. at 1607. This court similarly recognizes the general rule that "a voluntary guilty plea is a waiver of the right to appeal all nonjurisdictional issues, including pre-plea constitutional violations." *State v. Sery,* 758 P.2d at 938.

■ E.G.T.'s contention that his appeal involves jurisdictional issues is an apparent attempt to remove his guilty pleas from the general rule, since a jurisdictional defect cannot be waived. *See, e.g., State v. Carter,* 151 Ariz. 532, 729 P.2d 336, 338 (Ct. App.1986) ("If speedy trial limitations can be waived, obviously they are not jurisdictional in the sense that their violation deprives a court of the power to act against the defendant"). E.G.T. apparently reasons that because the certification order of the juvenile court was the basis for district court jurisdiction, any defect in the juvenile court proceedings is jurisdictional. We do not agree.

The issue before this court is, properly stated, whether the alleged defect in the juvenile court proceedings, i.e., the denial of appellant's right to counsel under the Sixth Amendment, is waivable and, therefore, nonjurisdictional. The answer is apparent from *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). *In re Gault* discussed the array of due process rights that must be accorded a juvenile in an adjudication of delinquency, including the Sixth Amendment's guarantee to the assistance of counsel. The Court concluded "that the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child." 387 U.S. at 41, 87 S.Ct. at 1451; *see also Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 1057–58, 16 L.Ed.2d 84 (1966); Utah Code Ann. § 78–3a–35(2) (1990) (each discussing a juvenile's right to representation by counsel.) In applying its conclusion to the circumstances presented in *Gault*, the Court held:

> They had a right expressly to be advised that they might retain counsel and to be confronted with the need for specific consideration of *whether they did or did not choose to waive the right.* If they were unable to afford to employ counsel, they were entitled, in view of the seriousness of the charge and the potential commitment, to appointed counsel, *unless they chose waiver.*

387 U.S. at 41, 87 S.Ct. at 1451 (emphasis added). The right to counsel is, therefore, subject to waiver.[1] Accordingly, we hold that entry of an unconditional guilty plea constituted a waiver of the claimed defects in the juvenile court certification proceedings.

The claim made by E.G.T. in this case is analogous to that presented in *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). *Tollett* involved a habeas corpus challenge, following a guilty plea, alleging that the indicting grand jury was not constitutionally selected. The United States Supreme Court held that, even if the constitutional defect was proven, the petitioner was not entitled to relief. Stating that the guilty plea was "a break in the chain of events which has preceded it in the process," the Court noted that a claim of constitutional defects in pre-plea proceedings would not alone entitle petitioner to collateral relief. 411 U.S. at 267, 93 S.Ct. at 1608. Instead, petitioner would only be entitled to attack the voluntary and intelligent character of the guilty plea to show that the advice he received from counsel in entering the plea did not meet the appropriate standards. *Id.* In the present case, the district court found, and appellant concedes, that he entered the plea with knowledge that the guilty plea might cause him to lose the right to appeal from the certification order. The basis for the appeal is an alleged violation of Sixth Amendment rights, which are subject to waiver by E.G.T.

We conclude that, by entry of the guilty plea under the circumstances of this case, E.G.T. waived his claim of an alleged violation of his right to counsel in the juvenile court certification proceedings. The appeal is, accordingly, dismissed as moot.

All concur.

---

1. Our disposition on mootness grounds makes it unnecessary to rule on the issues raised in connection with this court's sua sponte motion for summary reversal.