112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene Samaniego MORALES, Petitioner-Appellant,
v.
Terry STEWART, Director; Grant Woods, Attorney General of
the State of Arizona, Respondents-Appellees.
 No. 96-16342.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rene Samaniego Morales, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We affirm.
 
 A. Background
 
 3
 Morales pled guilty to two offenses in exchange for the dismissal of all other charges and allegations. The plea agreement provided: "It is stipulated by the parties that the sentences shall run concurrent with each other and that the mitigated to presumed sentence shall be imposed. The State reserves the right to freely argue for the presumed sentence rather than the mitigated sentence." At the change of plea hearing, however, the trial judge explicitly stated that she would treat the stipulation only as a recommendation.
 
 
 4
 After pleading guilty Morales failed to appear for sentencing. Morales was arrested, but before sentencing the trial judge called a meeting with the prosecutor, defense counsel and the probation officer to advise the parties that she would not accept the sentencing limitations in the plea agreement. The arresting officer was also at the meeting--it is unclear at whose behest--and informed the judge that because Morales was a career criminal, he should receive a "real sentence." Morales was not present at the in-chambers meeting. At sentencing, the judge told Morales that she did not intend to be bound by the portion of the agreement which called for Morales to receive the presumptive sentence. She then gave Morales one week to decide whether or not to withdraw his plea. Morales chose to reaffirm his guilty plea.
 
 B. Claims
 
 5
 Morales contends that (1) the state breached the plea agreement by inviting, or allowing, the arresting officer to speak to the judge about Morales's sentence at the in-chambers meeting; (2) the in-chambers meeting violated his due process rights to confront witnesses at sentencing; (3) he was denied due process when the judge did not recuse herself after hearing the officer's statements; and (4) he received ineffective assistance of counsel because counsel did not file a motion for breach of the plea agreement and did not object to the in-chambers meeting. Morales has waived these claims.
 
 
 6
 A defendant who voluntarily and knowingly pleads guilty waives all nonjurisdictional defects in the criminal proceeding. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). This waiver includes claims of ineffective assistance of counsel. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992).
 
 
 7
 Morales's claims that the state breached the plea agreement, the in-chambers meeting violated due process, the trial judge should have recused herself and that he received ineffective assistance of counsel, are waived by Morales's guilty plea. We reject Morales's argument that these claims are not waived because they arose after he pled guilty. After the in-chambers meeting, the trial judge gave Morales one week to decide whether to withdraw his plea. Morales chose to reaffirm his guilty plea. Accordingly, all alleged violations which occurred prior to this date are waived. See Tollett, 411 U.S. at 266-67.[1]
 
 
 8
 To the extent that Morales is arguing that his due process rights were violated at sentencing, this claim must fail because Morales has not demonstrated that the judge sentenced him based on information obtained at the in-chambers meeting. See Paradis v. Arave, 20 F.3d 950, 956 (9th Cir.1994) (denying habeas relief where defendant failed to demonstrate that the sentencing judge relied on improper information). The judge explicitly sentenced Morales based on the probation report, Morales's criminal history, her contact with Morales during a prior conviction and sentencing and his subsequent failure to address his drug addiction, his ongoing recidivism, his failure to show up at his sentencing hearing, and the fact that his failure to show up at sentencing demonstrated a lack of responsibility. The record contains no indication that the judge considered any information given to her at the in-chambers meeting. See id.
 
 
 9
 Accordingly, the district court's denial of Morales's habeas petition is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also reject Morales's argument that these claims are not waived in this court because they are not waived under Arizona law. See State v. Carter, 729 P.2d 336, 337, (Ariz.Ct.App.1986) ("It is clear in Arizona that a guilty plea waives all nonjurisdictional defects."); see also State v. Flewellen, 621 P.2d 29, 32 (Ariz.1980)