NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RANN BRADLEY, *Petitioner*,

*v.*

THE HONORABLE JOSHUA YOST, Commissioner of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Commissioner,*

STATE OF ARIZONA,
*Real Party in Interest.*

No. 1 CA-SA 22-0173
FILED 10-03-2022

Petition for Special Action from the Superior Court in Maricopa County
No. CR2018-146848-001, CR2022-102426-001
The Honorable Joshua Yost, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Zachary Stern
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer B. Campbell joined.

---

**G A S S**, Vice Chief Judge:

¶1 Petitioner Rann Bradley seeks special action relief from an order setting his sentence more than 30 days after he entered a guilty plea. *See* Ariz. R. Crim. P. (Rules) 26.3(a)(1)(B). Because Bradley has shown his sentencing (set outside of the prescribed timeframe) was error, this court accepts special action jurisdiction and grants relief as specified below.

## FACTUAL AND PROCEDURAL HISTORY

¶2 On September 2, 2022, Bradley pled guilty to 1 count of possession or use of dangerous drugs, a class 4 felony. The plea agreement gives the superior court discretion to sentence Bradley to prison or to suspend his sentence and grant probation. Under the plea agreement, any probation grant must include a "flat jail term, not to be deleted or deferred, with no credit for time served before entering the plea agreement," but the plea agreement included no minimum jail term. The plea agreement also gave the superior court discretion to "allow for early release with Reach Out placement" for any probation grant.

¶3 As applicable here, "[t]he court ***must*** pronounce sentence no less than 15 nor more than 30 days after the determination of guilt." *See* Rule 26.3(a)(1)(B) (emphasis added). Even so, after accepting Bradley's plea on September 2, 2022, the superior court set sentencing more than 30 days later, saying "with the finding of good cause, I will set this for sentencing on October 7."

¶4 This delayed setting was not isolated to Bradley's case. Earlier that day, the superior court declared it was "going to be setting a lot of sentencings right outside of 30 days," contrary to Rule 26.3(a)(1)(B), saying "calendar congestion" precluded timely settings. When another defendant objected to the untimely setting, asking if the superior court could set a timely sentencing in another division, the superior court responded:

> You find me a Judge that's willing to take — or a judicial officer that's willing to take my sentencing, I would be more than happy to send it to them. But I don't know anybody that would volunteer for that. To take my — to take my work.

**¶5** Bradley also objected to his untimely sentencing, noting it was 35 days after the superior court accepted Bradley's plea. In response, the superior court said it could set sentencing within 30 days, but it would not actually sentence Bradley at such a setting "because I already know that we don't have room on the calendar that day." The court went on to say, if it set sentencing within the required 30-day period, it would "just have to reset it and find good cause at that time, so. To me it seems smart that we should just do it now."

**¶6** Bradley pressed several objections to the delay, including inquiring if the superior court had asked the Chief Justice for relief from Rule 26.3(a)(1)(B)'s time restrictions based on "trial calendar congestion . . . due to extraordinary circumstances" under Rule 8.4(a)(4). Bradley's September 9, 2022 special action petition challenging the court's setting followed. This court has reviewed that petition (filed September 6, 2022), the State's response (filed September 20, 2022), Bradley's reply (filed September 27, 2022), and the other materials the parties provided.

## DISCUSSION

### I. Special Action Jurisdiction Is Appropriate.

**¶7** The decision to grant or deny special action jurisdiction is discretionary. *See* Ariz. R.P. Spec. Act. 1(a) (authorizing special action jurisdiction when a party has no "equally plain, speedy, and adequate remedy by appeal"); Ariz. R.P. Spec. Act. 3(a) (authorizing special action jurisdiction when a party "failed . . . to perform a duty required by law as to which [the party] has no discretion"). This court appropriately exercises its discretion to accept jurisdiction when the matter involves a purely legal question of first impression, is of statewide importance, and is likely to recur. *See State ex rel. Adel v. Covil*, 252 Ariz. 40, 41 ¶ 2 (App. 2021). Special action jurisdiction can be appropriate for challenges to address procedural issues, such as the timing of sentencing. *See id.* at 41–42, ¶3.

**¶8** The State argues we should decline special action jurisdiction because Bradley can press his arguments "on direct appeal, after the court sentences" him. But as Bradley correctly notes, "Arizona law precludes defendants from appealing their conviction after entering a guilty plea." *See* A.R.S. § 13-4033. Because Bradley has no right to appeal and because the

petition raises a purely legal question of statewide importance regarding apparently repeated violations of procedural rules, this court accepts special action jurisdiction. *See Covil*, 252 Ariz. at 41, ¶ 2.

## II. The Superior Court Must Comply with Rule 26.3's Deadlines Absent the Presiding Judge Seeking and Obtaining Relief Under Rule 8.4(a)(4), Which Has Not Occurred Here.

**¶9**        This court interprets court rules *de novo*, "applying fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *Id.*, 252 Ariz. at 41, ¶ 2 (cleaned up). If the rule is ambiguous, this court reads "the rule as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the rule's context, subject matter, historical background, effects and consequences, and spirit and purpose." *Id.* (cleaned up).

**¶10**        Accepting a guilty plea constitutes a "determination of guilt." Rule 26.1(a). Unless a defendant waives a right to a presentence report and asks for an even earlier sentence (which did not happen here), "[t]he [superior] court *must* pronounce sentence no less than 15 nor more than 30 days after the determination of guilt." Rule 26.3(a)(1)(B) (emphasis added). If a defendant requests a presentence hearing (which did not happen here) "or for good cause, the [superior] court *may reset* the sentencing date, but the new date should be no more than 60 days after the determination of guilt." Rule 26.3(b) (emphasis added).

**¶11**        The Rules, like other Arizona rule sets—including the Arizona Rules of Civil Procedure and the Arizona Rules of Evidence—use the verbs "must," "should," and "may" to describe certain events. Although context may direct otherwise, in those rule sets "must" is mandatory, "may" is discretionary, and "should" (a term not at issue here) is something in between the mandatory "must" and the discretionary "may." *Cf.* UNIF. STAT. & RULE CONSTR. ACT § 4 (NAT'L CONF. OF COMM'RS ON UNIF. STATE L. 1995) ("Construction of 'Shall,' 'Must,' and 'May'"); *McNutt v. McNutt*, 203 Ariz. 28, 34, ¶ 26 (App. 2002) (noting, in a different context, "shall" and "should" generally express an obligation or a duty, not a discretionary act); *Ariz. Minority Coal. for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n*, 211 Ariz. 337, 353–54, ¶ 57–58 (App. 2005) (similar). Context, of course, matters in all such determinations. *See Ariz. Libertarian Party v. Schmerl*, 200 Ariz. 486, 490, ¶ 10 (App. 2001) (interpreting, in a different context, "shall" and "should" "as indicating desirability,

preference, or permission, rather than mandatory direction if the context and purpose of the legislation indicate that the term should be so construed") (cleaned up).

**¶12**        As applied here, after accepting Bradley's guilty plea on September 2, 2022, the superior court made a "determination of guilt," Rule 26.1(a), and had to ("must," under the rule) set sentencing so the court would "pronounce sentence no less than 15 nor more than 30 days" later. Rule 26.3(a)(1)(B). That timely setting did not happen here. As a result, this case does not present any dispute about the superior court's ability to rely on Rule 26.3(b) to "reset" sentencing. Here, the superior court failed to set timely sentencing under Rule 26.3(a)(1)(B) and that failure was error.

**¶13**        Bradley argues the superior court must comply with Rule 8.4(a)(4) before it may continue sentencing beyond Rule 26.3's deadlines based on calendar congestion. Rule 8.4(a)(4) establishes the method for the superior court to seek to exclude calendar-congestion related delays "from the time computations . . . if the congestion is due to extraordinary circumstances . . . ." And in those cases, "the presiding judge must promptly apply to the . . . Chief Justice to suspend Rule 8 *or any other Rule of Criminal Procedure*." Rule 8.4(a)(4) (emphasis added). By its plain language, Rule 8.4(a)(4) applies to Rule 26.3's time computations. The record, however, does not indicate the presiding judge has applied to the Arizona Supreme Court Chief Justice, under Rule 8.4(a)(4)'s "congestion . . . due to extraordinary circumstances" exception to allow untimely sentencing settings. Accordingly, Rule 8.4(a)(4)'s exception does not justify Bradley's delayed sentencing setting. And contrary to Bradley's argument, whether the circumstances are sufficiently extraordinary is for the Chief Justice to decide, not this court.

**¶14**        The State argues Rule 26.3 deadlines are not jurisdictional, citing *State v. Smith*, 112 Ariz. 208, 209 (1975). Though correct, that argument misses the mark. Bradley does not argue the superior court would lack jurisdiction to sentence him if it exceeded Rule 26.3's deadlines. Indeed, Bradley affirmatively recognizes it would not.

**¶15**        The State then argues Bradley has shown no prejudice because of the delay. Rule 26.3(a)(1)(B)'s deadline, however, provides real procedural protections. Bradley's situation makes that point. Though prison is an option, it is not mandatory under the plea agreement's terms. If granted probation, Bradley faces a mandatory flat jail term with no minimum length though the superior court has discretion to allow early release if Bradley secures a "Reach Out placement." And regardless of the

amount of jail time imposed, the plea agreement says Bradley may receive "no credit for time served before entering the plea agreement." As such, if the superior court takes longer than Rule 26.3 allows to sentence Bradley, that delayed sentencing ensures Bradley's actual minimum penalty extends beyond the discretionary penalty in the plea agreement itself. In short, contrary to the State's argument, Bradley can establish prejudice resulting from the delay. *See Smith*, 112 Ariz. at 209.

¶16        Last, without reference to Rule 8.4 or its requirements, the State argues the ongoing repercussions of the COVID-19 pandemic are sufficient good cause to exclude the time. *See Covil*, 252 Ariz. at 41–42, ¶ 3 n.2 (discussing Arizona Supreme Court's Administrative Order (A.O.) 2020-114, which allowed superior courts to continue preliminary hearings because COVID-19 prevented the jails from transferring defendants for the hearings). That A.O., however, has been superseded numerous times. To its credit, the State does not argue the current version, A.O. 2021-187, somehow justifies the untimely setting here.

¶17        On the record presented, the superior court could not properly rely on generalized calendar congestion to find good cause for extending Rule 26.3's mandatory deadlines. In reaching that conclusion, we do not suggest a superior court can never find good cause to extend sentencing beyond Rule 26.3's deadlines unless it first complies with Rule 8.4. *See, e.g.*, *State v. Cornwall*, 114 Ariz. 502, 504 (App. 1976) (allowing extensions for sentencing if state, defense, and court agree); *Smith*, 112 Ariz. at 209 (allowing an 8-day delay because a pre-sentence report writer needed more time to complete the pre-sentence report). Such delays should be the exception and not the court's regular practice. Our ruling only addresses the specific circumstance when the superior court relies on generalized court calendar congestion concerns, as opposed to case-specific needs.

## CONCLUSION

¶18        For these reasons, this court accepts special action jurisdiction and grants relief and prohibits the superior court from relying on generalized calendar congestion to find good cause for extending mandatory Rule 26.3's deadlines for sentencings.

¶19        As applied to Bradley's case, this court remands the matter to the superior court to set and hold Bradley's sentencing as soon as possible. The superior court's error in setting the October 7, 2022 sentencing, to the extent the superior court imposes jail time as a condition of probation,

entitles Bradley to a day-for-day credit for time spent in custody after the acceptance of his September 2, 2022 plea agreement.

**¶20** The Clerk of Court is directed to provide a copy of this decision to the Criminal Department Presiding Judge of the Arizona Superior Court in Maricopa County to ensure compliance by all Criminal Divisions of that Court.

