Argued March 21, affirmed April 14, 1975

STATE OF OREGON (No. C 74-03-0952 Cr),
*Respondent, v.* VAL TAYLOR, *Appellant.*

533 P2d 822

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and HOWELL, Judges.

SCHWAB, C. J.

Defendant was convicted of first-degree sodomy

based upon evidence that he, in the words of the statutes, caused "contact between the sex organs of one person and the mouth * * * of another," ORS 163.305(1), the other person being "under 16 years of age" and "his spouse's * * * daughter," ORS 163.405(1)(c). On appeal defendant's interrelated contentions are that the state should have been compelled to elect a date on which the offense occurred, and that there was insufficient evidence to make a prima facie case.

Probably because of the nature of the offense, the youth of the prosecutrix, and her obvious and understandable abhorrence of recounting the events, trial counsel were sometimes imprecise in their questions and the prosecutrix sometimes imprecise in her responses. Thus, analysis of the record requires drawing several inferences.

On direct examination the prosecutrix testified that the act charged occurred between late November and late December, 1973. She described one act of sodomy in detail. It would be reasonably possible for the factfinder to infer from her testimony that defendant committed additional acts of sodomy, other than the one she described in detail. On cross-examination the prosecutrix equivocated about the dates involved, saying that the sodomy occurred between late September and late December, 1973. On redirect examination, it would again have been possible to infer from her testimony that defendant committed several acts of sodomy.

Defendant contends that this record involves only one unlawful act during a three-month period. The state also claims that only one unlawful act was involved, but argues "the exact date it occurred is impossible of proof." We disagree with both parties' analysis of the record.

1. If only one unlawful act occurred, we would usu-

ally expect it to have been sufficiently traumatic to have fixed the time of occurrence in the mind of the victim with greater certainty than sometime within a three-month period. Unlike, for example, the burglary of a vacant house, it is just not true that it would be impossible to prove the date of occurrence with greater certainty. The general rule is that the prosecution need not prove the exact time of occurrence, but must prove that an unlawful act did occur within the period of the statute of limitations.[1] However, vagueness as to *time* of occurrence, when some specificity is possible, can be so extreme that there would be insufficient evidence to make a prima facie case on whether an unlawful *act* occurred. For example, if the only evidence was that one act of sodomy occurred during a three-month period, it is doubtful that this would make a prima facie case, without some explanation of why greater specificity was impossible.

■ But, according to our analysis of the record, that is not the situation before us. Here the evidence most favorable to the prevailing party would be the prosecutrix's direct testimony: that defendant committed sodomy between late November and late December, a one-month rather than a three-month period. Moreover, as previously noted, here the factfinder was entitled to infer from the prosecutrix's testimony that the one act of sodomy described in detail was only one of several similar acts by defendant. This furnishes an explanation of why greater specificity as to time of occurrence was impossible: it was not one act being described, but a series of acts. This was sufficient to make a prima facie case. *See, State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).

Affirmed.

[1] State v. Yielding, 238 Or 419, 395 P2d 172 (1964); State v. Howard, 214 Or 611, 331 P2d 1116 (1958); State v. Pace, 187 Or 498, 506, 212 P2d 755 (1950); State v. Coss, 53 Or 462, 101 P 193 (1909).