**STATE of Utah, Plaintiff and Respondent,**

v.

**Danny L. PIERCE, Defendant and Appellant.**

**No. 880346–CA.**

Court of Appeals of Utah.

Oct. 20, 1989.

R. Paul Van Dam, Barbara Bearnson, Salt Lake City, for plaintiff and respondent.

James P. Rupper, Provo, for defendant and appellant.

Before BENCH, BILLINGS, and GREENWOOD, JJ.

GREENWOOD, Judge:

Danny L. Pierce appeals his conviction of submitting a false or fraudulent insurance claim, a second degree felony in violation of Utah Code Ann. § 76–6–521 (1978). Pierce urges reversal of his conviction, claiming the fraud charge was barred by the statute of limitations. We reverse and remand.

Sometime prior to July 14, 1981, Pierce contacted an insurance agent and told the agent he wanted insurance coverage in the amount of $8,000 on his truck. The agent issued an insurance binder on the truck on July 14, 1981.

On July 19, 1981, Pierce contacted the agent and informed him that the truck had

47. —— P.2d ——.

been stolen. Pierce met with Ned Walker, the claims adjuster assigned to handle the claim, and told him that Russell Hunsaker and Warren Booth had driven the truck to the University Mall in Orem, where they went to a movie, and that the truck was missing when they came out of the movie. Pierce received $8,000 from the insurance company for the loss, less $100 for the policy deductible amount. The actual loss to the insurance company after salvaging the truck was $6,450.

During a deposition almost six years later on June 4, 1987, in an unrelated civil matter, Russell Hunsaker informed Paul Johnson, the Orem City Attorney, that in July 1981 at Pierce's request, he and Warren Booth took Pierce's truck up Provo Canyon, removed its tires and wheels and pushed it over a cliff. Warren Booth corroborated Hunsaker's statements during his own deposition on August 5, 1987.

On October 7, 1987, Pierce was charged with submitting a false or fraudulent insurance claim. Pierce filed a pretrial motion to dismiss, contending that the statute of limitations barred prosecution for the offense. The trial court stated that Pierce bore the burden of proving the statute had not been met. After a hearing, during which Pierce called witnesses to establish when the State discovered the fraud claim, the court denied the motion to dismiss.

At trial, Pierce objected to the trial court's refusal to instruct the jury on the statute of limitations, arguing that the issue presented a question of fact to be appropriately decided by the jury.

### I.

■ Pierce's first claim on appeal is that the information was defective because it failed to state why the statute of limita-

tions did not bar prosecution of the offense. Ordinarily, a defendant obtains information necessary to satisfy the constitutional requirement of the right to adequate notice through an information and a bill of particulars. *State v. Fulton*, 742 P.2d 1208, 1214 (Utah 1987). "[A]n information may be an extremely summary statement of the charge, indeed one that would not provide the defendant with sufficient particulars to enable him to adequately prepare a defense." *Id.* When the notice provided by the information is constitutionally deficient, a defendant is entitled to a bill of particulars. *Id.; State v. Robbins*, 709 P.2d 771, 773 (Utah 1985). Utah law allows amendment of an information before a verdict is issued, if no new or different offense is charged and the defendant is not thereby prejudiced. Utah Code Ann. § 77–35–4(d) (1982); *State v. Wilson*, 771 P.2d 1077, 1084 (Utah Ct.App.1989). However, if a defendant fails to raise the inadequacy of the information before trial by written motion, that issue cannot be raised for the first time on appeal. *Fulton*, 742 P.2d at 1215; Utah R.Crim.P. 12(b)(1). In this case, Pierce did not request a bill of particulars and also did not file a written motion prior to trial challenging the adequacy of the information. Therefore, he waived the issue and cannot raise it for the first time on appeal.

### II.

■ Pierce also claims the trial court erred in requiring him to prove that the information was not filed within the period specified in the applicable statutes of limitation, Utah Code Ann. § 76–1–302 and –303 (1988).[1] Because the trial court held that Pierce bore the burden of proving the statute of limitations had run, Pierce called witnesses to attempt to prove that police

---

1. In this case, the alleged insurance fraud occurred in July 1981 and the information was not filed until October 1987. Utah Code Ann. § 76–1–302 (1988) provides that a prosecution for a felony shall be commenced within four years after it is committed. In addition, Utah Code Ann. § 76–1–303 (1988) provides that if the period prescribed in section 76–1–303 has expired, a prosecution may be commenced for an offense a material element of which is fraud

within one year after discovery of the offense. However, section 76–1–303 also states that in no case will the provision extend the period of limitation by more than three years. Thus, in this case, the statute of limitations on the prosecution's action for fraud against Pierce would run seven years after the alleged offense was committed and was to be commenced within one year after discovery of the offense by an aggrieved party.

and the insurance company knew or should have known of the offense earlier than 1987, when Hunsaker and Booth were deposed.

Generally, the State bears the burden of proving every element of a criminal offense beyond a reasonable doubt, regardless of the types of defenses raised. *State v. Starks*, 627 P.2d 88, 92 (Utah 1981). The Utah appellate courts have not previously declared whether the State's burden of proof extends to establishing that a criminal prosecution was commenced within the applicable statute of limitations. In *State v. Taylor*, 21 Or.App. 119, 533 P.2d 822, 823 (1975), however, the Oregon Court of Appeals stated that the prosecution must prove that an unlawful act occurred within the period of the statute of limitations. Similarly, in *Parnell v. Superior Court*, 119 Cal.App.3d 392, 173 Cal.Rptr. 906, 914 (1981), the court held that "[b]ecause the statute of limitations is jurisdictional, the People have the burden of supporting an information with some evidence that the prosecution is not barred by limitations." We agree with the rationale of those cases, and, therefore, find that the State bears the burden of proving that a criminal action is not barred by the statute of limitations, whenever that issue is properly raised. Further, we find that the state's applicable burden of proof for establishing that the statute has not run is beyond a reasonable doubt. *See State v. Knoll*, 712 P.2d 211, 214 (Utah 1985); *State v. Starks*, 627 P.2d 88, 92 (Utah 1981).

In this case, Pierce raised the limitations issue in his motion to dismiss and the trial court erred in requiring him to go forward and prove that the action was not timely, rather than placing that burden on the State. Therefore, we reverse and remand for an evidentiary hearing and determination of whether discovery of the unlawful act occurred within the period of the statute of limitations.

---

**2.** Our adoption of *Padfield* is limited to the issue addressed above and does not include other

## III.

◼ Pierce also claims the jury should have been allowed to determine if the prosecution was barred by the statute of limitations, as the question presents an issue of fact. This question was discussed in *People v. Padfield*, 136 Cal.App.3d 218, 185 Cal.Rptr. 903 (1982). The court explained that a trial court has the discretion to consider evidence concerning running of a statute of limitations in pre-trial proceedings. *Id.* 185 Cal.Rptr. at 908. If the evidence is sufficiently clear, the issue may be resolved as a matter of law at that juncture, avoiding, perhaps, further proceedings. If, however, "it cannot be said that as a matter of law the statutory period has run, the issue is a question of fact for the trier of fact." *Id.* We adopt that reasoning,[2] and hold that on remand of this matter, the trial court should determine whether the evidence regarding when discovery of the crime occurred, or should have occurred, is sufficiently clear to rule as a matter of law, or, if room for dispute exists, submit the question to the jury.

Reversed and remanded.

BENCH and BILLINGS, JJ., concur.

issues addressed in that opinion.