**Steven Ray JAMES, Petitioner and Appellant,**

v.

**Henry GALETKA, Warden; State of Utah, Respondents and Appellees.**

**No. 961767–CA.**

Court of Appeals of Utah.

Sept. 3, 1998.

Mark T. Ethington, Day, Shell & Liljenquist, L.C., Murray, for Petitioner and Appellant.

Jan Graham, Atty. Gen., and Thomas B. Brunker, Asst. Atty. Gen., Salt Lake City, for Respondents and Appellees.

Before DAVIS, P.J., and BENCH and JACKSON, JJ.

## OPINION

DAVIS, Presiding Judge:

Defendant appeals from the dismissal of his petition for extraordinary relief, arguing that because the statute of limitations had run on a charge of tampering with evidence, a second degree felony, that charge should not have been included in a plea bargain

arrangement wherein defendant also pleaded guilty to manslaughter, also a second degree felony. We affirm.

## FACTS

Defendant was arrested on October 23, 1986, and charged with first degree murder.[1] On May 1, 1989, a jury convicted defendant of first degree murder and the trial court sentenced him to life imprisonment. The Utah Supreme Court reversed and remanded the case for a new trial. See State v. James, 819 P.2d 781 (Utah 1991). However, before trial, the parties commenced plea negotiations. The State offered to allow defendant to plead guilty to two second degree felonies in exchange for its agreement to not retry defendant on the original murder charge. The State also told defendant that a single second degree felony would not be sufficient.

Originally, the State and defendant agreed to allow defendant to plead guilty to manslaughter and perjury. However, according to defendant, his counsel discovered that the statute of limitations barred the perjury plea. Consequently, the parties substituted evidence tampering for perjury as the additional second degree felony. Defendant claims that at no time did his counsel specifically tell him that the statute of limitations had also run on the tampering with evidence charge, and at no time during sentencing did the trial court raise that issue. Defendant pleaded guilty to these two charges and was sentenced on September 8, 1993, to two consecutive one to fifteen year terms. He was also ordered to pay restitution to the victim's mother for the cost of burying their son and to reimburse Cache County in the sum of $160,000.

On May 24, 1996, defendant filed a petition for extraordinary relief, pursuant to Rule 65B of the Utah Rules of Civil Procedure. Defendant asked the trial court to dismiss the tampering with evidence conviction on the basis that it was barred by the four year statute of limitations for felonies. Defendant also argued that his counsel was ineffective for not advising him that the tampering with evidence charge was barred by the statute of limitations, and that the order of $160,000 in restitution violated Utah Code Ann. § 77–32a–2 (1995). The State moved to dismiss the petition as untimely because it was filed one year and fifteen days after the effective date of the one year statute of limitations of Utah Code Ann. § 78–12–31.1 (1995). However, after a hearing, the trial court excused defendant's failure to timely file,[2] concluded that all defendant's post-conviction claims were meritless, and dismissed the petition. The court stated:

> Having determined that the statute of limitations found in section 78–35a–107 does not bar the post-conviction claims, the Court nevertheless concludes that [defendant]'s claims should be dismissed. Here [defendant] knowingly and voluntarily entered into an agreement with the State to plead guilty to one count of Manslaughter and one count of Tampering with [Evidence], and in exchange for that plea, the State dismissed the capital charge against him. As a result of the plea agreement, [defendant] was sentenced to serve two consecutive 15–year terms rather than a possible life sentence had he been convicted of the capital offense.

> In making the plea agreement, [defendant] waived any defenses he may have had to the crimes to which [h]e pled and he accepted the judgment of guilty for those offenses. Accordingly, the Court concludes that [defendant]'s plea of guilty to the tampering charge waived any right [defendant] may have had to attack the conviction, and he is therefore collaterally

---

1. Defendant killed his infant son and then disposed of the body in the waters near Bear River Marina. See State v. James, 819 P.2d 781 (Utah 1991).

2. The State contends that the trial court erroneously ruled that the "interests of justice" exception to the one year statute of limitations for post-conviction relief of Utah Code Ann. § 78–35a–107(1) (1996) excused defendant's untimely filing. We, however, agree with the trial court that filing merely 15 days late was not an unreasonable delay, especially considering the sentence defendant was serving. Such a delay did not cause "stale claims, loss of evidence and faded memories," which statutes of limitations seek to avoid. Currier v. Holden, 862 P.2d 1357, 1369 (Utah Ct.App.1993).

barred from seeking habeas corpus relief at this time.

Defendant appeals from the dismissal of this petition.

## ISSUES AND STANDARD OF REVIEW

Defendant argues the trial court erred as a matter of law by concluding: (1) that defendant knowingly and voluntarily waived the statute of limitation bar to a crime that he pleaded guilty to as part of a plea bargain agreement; (2) that defendant was not denied effective assistance of counsel when defendant's appointed counsel failed to advise him that the statute of limitations had run on the tampering with evidence charge and allowed defendant to plead guilty to that charge; and (3) that defendant was not inappropriately assessed $160,000 in restitution.

■ The standard of review for a conclusion of law is one of correctness, giving no particular deference to the trial court's decision. *See Landes v. Capital City Bank,* 795 P.2d 1127, 1129 (Utah 1990).

## ANALYSIS

Pursuant to his petition for extraordinary relief and on appeal, defendant first challenges his guilty plea to evidence tampering, arguing that the criminal statute of limitations rendered that plea illegal. Defendant argues he should not have to serve the sentence for the tampering with evidence conviction because it was barred by the statute of limitations. Additionally, defendant contends that he did not waive the right to assert the bar because the statute of limitations is jurisdictional and cannot be waived even by entering a guilty plea. However, if this court holds that the statute of limitations can be waived, defendant argues he did not waive the bar because he did not do so knowingly and voluntarily. He claims his attorney did not inform him or the court of the applicable statute of limitations and that he would be waiving it by pleading guilty.

Here, the statute of limitations for prosecution of criminal offenses provides, in relevant part:

(1) Except as otherwise provided, a prosecution for:

(a) a *felony* or negligent homicide *shall be commenced within four years after it is committed* . . . .

. . . .

(2) A prosecution is commenced upon the finding and filing of an indictment by a grand jury or upon the filing of a complaint or information.

Utah Code Ann. § 76–1–302 (1990) (emphasis added). It is undisputed that it was more than four years after the criminal incident when the amended information charging evidence tampering was filed. Notwithstanding, the State asserts the trial court properly ruled that defendant waived the statute of limitations bar when he pleaded guilty to evidence tampering. We agree. However, to address the waiver issue we must initially determine whether the statute of limitations is jurisdictional. This issue is one of first impression in Utah.

■ "To try a person for the commission of a crime, the trial court must have jurisdiction of both the subject matter and the person of the defendant." 21 Am.Jur.2d *Criminal Law* § 338 (1981). Here, there is no concern regarding personal jurisdiction over defendant; the issue is whether a statute of limitations' bar implicates subject matter jurisdiction.

Jurisdiction of the subject matter is derived from the law. It can neither be waived nor conferred by consent of the accused. Objection to the jurisdiction of the court over the subject matter may be urged at any stage of the proceedings, and the right to make such an objection is never waived.

*Id.* § 339. Although subject matter jurisdiction may not be waived, *see State ex rel. E.G.T.,* 808 P.2d 138, 139 (Utah Ct.App.1991) (stating, "a jurisdictional defect cannot be waived"), nonjurisdictional issues may be waived by a guilty plea, *see State v. Parsons,* 781 P.2d 1275, 1278 (Utah 1989) ("The general rule applicable in criminal proceedings, and the cases are legion, is that by pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all nonju-

risdictional defects, including alleged pre-plea constitutional violations."); *State v. Sery*, 758 P.2d 935, 938 (Utah Ct.App.1988) ("The common law rule [is] that a voluntary guilty plea is a waiver of the right to appeal all nonjurisdictional issues, including alleged pre-plea constitutional violations."). Examples of such nonjurisdictional issues that may be waived by a guilty plea "involve ... a number of important rights, including the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *Salazar v. Warden, Utah State Prison*, 852 P.2d 988, 991 (Utah 1993).

■ In civil cases, a statute of limitations must be pleaded as an affirmative defense, or it is waived. *See* Utah R. Civ. P. 8(c); *Staker v. Huntington Cleveland Irrigation Co.*, 664 P.2d 1188, 1190 (Utah 1983). Statutes of limitation are therefore not jurisdictional in the civil context. *See American Coal Co. v. Sandstrom*, 689 P.2d 1, 4 (Utah 1984), *overruled in part on other grounds by State v. South*, 924 P.2d 354 (Utah 1996).

Statutes of limitations have been passed to limit the time for commencement of most criminal proceedings, the point at which a court first receives jurisdiction over the offense.

> Statutes of limitations in criminal cases are considered ... a surrendering by the sovereign of its right to prosecute. They create a bar to prosecution and are therefore not merely statutes of repose as they are in civil cases. A criminal statute of limitations is not a mere limitation upon the remedy, but one upon the power of the sovereign to act against the accused.

21 Am.Jur.2d *Criminal Law* § 223 (1981) (footnotes omitted). In *State v. Crank*, 105 Utah 332, 142 P.2d 178 (1943), the Utah Supreme Court elaborated on the effect of a criminal statute of limitations:

> The state is not permitted to prosecute a man, put him on, and to the expense of, his defense, nor have a verdict adjudging one a felon when the statute of limitations has run. The statute runs against the filing of such complaint or information; against the attempt to prosecute. It says in effect, that as far as such offense is concerned, a man may not in law be considered as having committed it; he may not, within the spirit of the law be properly accused thereof or charged therewith.

*Id.* at 193–94.

Although Utah cases have referenced the issue, they have not directly addressed whether, in a criminal case, the statute of limitations is jurisdictional and thus cannot be waived.[3] Other jurisdictions have split on this issue. *See* Tim A. Thomas, Annotation, *Waivability of Bar of Limitations Against Criminal Prosecution*, 78 A.L.R.4th 693, 695 (1990 & Supp.1997). "Some states hold that a voluntary plea of guilty by a counseled defendant operates as a waiver of the defense of statute of limitations which is not jurisdictional, but in the nature of an affirmative defense that must be timely asserted." *Conerly v. State*, 607 So.2d 1153, 1156 (Miss. 1992) (citing cases in Connecticut, Iowa, Ohio, Michigan, and Minnesota for support); *see also* Thomas, *supra* at 698–702 & supp. 18–19 (citing other cases in Connecticut, Florida, Georgia, Illinois, Kansas, Michigan, Mississippi, Montana, Nebraska, New York, Nevada, North Carolina, Pennsylvania, Ten-

---

**3.** Several Utah cases have suggested that the statute of limitations in criminal cases may be jurisdictional, but no case has directly ruled on this issue or the effect of a guilty plea on the statute of limitations. In *State v. Pierce*, 782 P.2d 194 (Utah Ct.App.1989), this court held "that the State bears the burden of proving that a criminal action is not barred by the statute of limitations." *Id.* at 196. In so holding, this court relied on a California case which held that the criminal statute of limitations is jurisdictional. *See id.* Also, in *State v. Moore*, 802 P.2d 732 (Utah Ct.App. 1990), in considering whether to address a statute of limitations argument, this court noted that no Utah court had ruled on whether a criminal

statute of limitations defense is waived if not raised to the trial court and that there is a split of authority on this issue. *See id.* at 737 n. 9. This court, however, did not decide the issue because the State conceded at oral argument that the statute was jurisdictional and not waivable. *See id.* The State, in this case, however, asserts that it "improvidently made that concession."

In *State v. Price*, 837 P.2d 578 (Utah Ct.App. 1992), we held that the court does not have jurisdiction to hear an untimely motion to withdraw a guilty plea, and, therefore, the state could raise the timeliness issue for the first time on appeal. *See id.* at 582–84.

nessee, Texas, and Wisconsin). Thus, in these nineteen states, criminal statutes of limitations are not jurisdictional, much like their civil counterparts.

The cases in these jurisdictions describe the purpose of a criminal statutes of limitation as avoiding the filing of stale criminal charges. *See Conerly,* 607 So.2d at 1156–57. "Statutes of limitation 'are intended to foreclose the potential for inaccuracy and fairness that stale evidence and dull memories may occasion an unduly delayed trial.' " *Id.* (quoting *United States v. Levine,* 658 F.2d 113, 127 (3rd Cir.1981)); *see also Horton v. Goldminer's Daughter,* 785 P.2d 1087, 1091 (Utah 1989) (stating statute of limitations protects defendant from burden of defending against stale claims). Thus, the underlying purpose of statutes of limitations is to best determine the facts of a particular case, and not to erect an insurmountable wall to prosecution. *See Conerly,* 607 So.2d at 1157.

However, other jurisdictions have held that the statute of limitations in a criminal case is jurisdictional and thus may not be waived. *See id.* (citing cases from Arizona, Maryland, New Jersey, Oklahoma, and Wisconsin); *see also Thomas, supra,* at 697–98 & supp. 18 (citing other cases from Alabama, Arkansas, California, Delaware, Idaho, Missouri, Minnesota, and North Dakota). In such cases, the courts have generally held that by enacting a criminal statute of limitations, the state has deprived itself of the right to prosecute any case fitting within the statute of limitations, and the time of the offense becomes a jurisdictional fact. *See Thomas, supra,* at 698.

The majority of federal circuit courts of appeal have held that, in criminal cases, statutes of limitations do not affect the subject matter jurisdiction of courts but constitute an affirmative defense that will be considered waived if not raised in the trial court. *See Conerly,* 607 So.2d at 1157 (referring to cases from the Second, Third, Fourth, Sixth, Seventh, Tenth, and D.C. Circuit Courts).[4]

The well-reasoned analysis provided in *Conerly v. State,* 607 So.2d 1153 (Miss.1992), is persuasive. That case involved an almost identical factual situation to the one before us. There, the defendant's original armed robbery conviction and life imprisonment sentence were reversed by the Mississippi Supreme Court. *See id.* at 1154. On remand, the defense attorneys gained a plea bargain for defendant to enter pleas to simple robbery and aggravated assault. *See id.* Defendant executed a sworn statement waiving indictment, and then a two count criminal indictment was executed and filed. *See id.* at 1155. Also, defendant executed a "Petition to Enter Plea of Guilty," his lawyers executed a certificate of counsel, and a plea-qualification hearing was held before the trial court judge. *See id.* Almost a year after he was sentenced to serve two consecutive ten year sentences, defendant moved to vacate his guilty plea to aggravated assault because the two year statute of limitations for the crime had expired. *See id.* The trial court dismissed defendant's motion for post-conviction relief. *See id.* at 1156. On appeal, the court held

> that where, as here, pursuant to an agreement whereby a substituted and amended information is filed which charges a new and different offense . . ., prosecution of which is on its face barred by the applicable statute of limitations, a voluntary plea of guilty by a counseled defendant operates to waive the statute of limitations and forfeit the defendant's right to raise the matter in a collateral proceeding.

*Id.* at 1158.

We believe that *Conerly* and the cases from the other jurisdictions holding

---

**4.** Although difficult to track its rationale, the Tenth Circuit has held criminal statutes of limitations to be jurisdictional and stated that statutes of limitations do not equate to subject matter jurisdiction and that a criminal defendant may agree to waive a statute of limitations as part of a plea bargain. *See United States v. Cooper,* 956 F.2d 960, 962 (10th Cir.1992).

[B]y waiving the statute [of limitations], the defendant neither confers jurisdiction upon the court nor power upon the government to prosecute. In effect, the defendant's waiver of the statute of limitations, in proper circumstances, is a binding agreement not to object to the filing of charges beyond the period of limitations. However, absent that agreement, as we noted in *Waters [v. United States,* 328 F.2d 739, 743 (10th Cir.1964)], the clear language of the statute of limitations prohibits the government from prosecuting beyond that time.

*Id.*

that statutes of limitations are not jurisdictional are the better reasoned cases. Statutes of limitations are invoked to protect the rights of the defendant. Accordingly, if a criminal defendant decides that the advantages of pleading to a statutorily barred lesser crime outweigh the protections the statute affords, that defendant can voluntarily and knowingly waive the right to assert a statute of limitations defense. Thus, we hold that criminal statutes of limitations are not jurisdictional, but are a bar to prosecution which can be waived by a knowing and voluntary guilty plea. *Cf. id.* at 1158 (Sullivan, Justice, dissenting) ("Conerly was not informed by anyone in the system that the statute of limitations had actually run on the crime to which he entered a guilty plea....").

■ Here, defendant's trial counsel secured a plea bargain that reduced his capital felony to two second degree felonies, decreasing his maximum possible imprisonment from life to thirty years. Because we hold statutes of limitations are not jurisdictional, defendant's guilty plea to the evidence tampering charge was sufficient for defendant to waive the statute of limitations bar to obtain the benefit of the plea bargain. *See Parsons*, 781 P.2d at 1278 ("[B]y pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all nonjurisdictional defects."); *Sery*, 758 P.2d at 938 (same).

■ However, the guilty plea must have been voluntary and knowing and in conformity with Rule 11 of the Utah Rules of Criminal Procedure, which governs pleas. "Because a guilty plea involves the waiver of a number of important rights, including the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination, a guilty plea is not valid unless it is knowing and voluntary." *Salazar* 852 P.2d at 991. Additionally,

> because a guilty plea is in effect an admission not only that the defendant did certain acts, but also that the defendant committed a certain crime, such a plea cannot be voluntary "unless the defendant received 'real notice of the true nature of the charge

against him, the first and most universally recognized requirement of due process.'"

*Id.* (quoting *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941))); *see also State v. Gibbons*, 740 P.2d 1309, 1312–14 (Utah 1987) (discussing the law concerning the taking of guilty pleas in Utah trial courts). A written affidavit may be used by the court to satisfy the Rule 11 requirements for taking a guilty plea. *See Gibbons*, 740 P.2d at 1313 ("The details of any plea bargain should be set forth in the affidavit...."). Further, "[t]he trial judge should then review the statements in the affidavit with the defendant, question the defendant concerning his understanding of it, and fulfill the other requirements imposed by [Rule 11] on the record before accepting the guilty plea." *Id.* at 1314.

■ Defendant argues that he could not have knowingly and voluntarily waived the statute of limitations defense because his trial counsel never informed him that it applied to evidence tampering. While the record provided us by defendant does not establish whether defendant specifically knew or did not know about the statute of limitations,[5] the record does provide in the plea agreement that "[d]efendant has, with the advice and assistance of his legal counsel, read and executed this plea agreement and the accompanying statement of Defendant and has done so willingly, voluntarily, and without undue influence." In the accompanying statement of defendant, he states that he enters the guilty pleas voluntarily and knowingly. Defendant does not alert us to any defect in the plea agreement or his accompanying statement that would violate Rule 11, and we can find none. Although we are not provided with a transcript of the plea proceedings which would show the reason or fact basis for selecting the charges, in considering defendant's Petition for Extraordinary Relief, the trial court found that "[a]fter a lengthy colloquy with the Petitioner, and determining that his plea was knowing and

---

5. The record does show that defendant was aware that a felony perjury charge would be barred and, therefore, that he was aware of the issue.

voluntary, the court accepted Petitioner's plea and set the case for sentencing."[6] Thus, based upon the foregoing and after reviewing the plea agreement and the accompanying statement of defendant, we hold that defendant's guilty plea was properly taken and entered, and accordingly, defendant waived all nonjurisdictional defects, including the statute of limitations bar. *See Parsons,* 781 P.2d at 1278; *Sery,* 758 P.2d at 938.

Defendant's ineffective assistance of counsel claim also fails. To show that counsel was ineffective, defendant must prove that his counsel's acts or omissions (1) fell below an objective standard of reasonableness and (2) caused prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Parsons v. Barnes,* 871 P.2d 516, 521 (Utah 1994). By permitting defendant to plead guilty to two second degree felonies, thereby waiving the statute of limitations bar, defense counsel obtained a reduction of defendant's maximum possible incarceration from life to thirty years. We hold these actions by counsel did not fall below an objective standard of reasonableness. Furthermore, the factual predicate for defendant's claim fails: The statute of limitations did not legally bar defendant's plea to evidence tampering.

Finally, defendant challenges the $160,000 restitution award to Cache County. Defendant asserts that the Judgment and Sentence did not specifically state what the basis of the $160,000 was, but assumes that since the award was to Cache County it was actually a recoupment of costs associated with the prosecution of defendant pursuant to Utah Code Ann. § 77–32a–2 (1995), and not restitution pursuant to Utah Code Ann. § 76–3–201 (1995). Defendant argues that he was wrongfully assessed the $160,000 because section 77–32a–2 is unconstitutionally inconsistent and vague, and the award is excessive because defendant is and was indigent.

Notwithstanding, defendant is barred from raising this issue on appeal. "Habeas Corpus proceedings may be used to attack a judgment or conviction in the event of an obvious injustice or a substantial and prejudicial denial of a constitutional right in the trial of a matter; however, post-conviction relief may not be used as a substitute for regular appellate review." *Bundy v. Deland,* 763 P.2d 803, 804 (Utah 1988). "It is therefore well settled in this state that allegations of error that could have been but were not raised on appeal from a criminal conviction cannot be raised by habeas corpus or post-conviction review, except in unusual circumstances." *Codianna v. Morris,* 660 P.2d 1101, 1104 (Utah 1983). Defendant never challenged this award during sentencing, did not appeal the award, and has alleged no unusual circumstances justifying his failure to do so. If the trial court, as defendant alleges, erroneously failed to consider defendant's paltry financial resources before ordering him to reimburse the county, defendant should have immediately brought that error to the attention of the sentencing judge. If defendant was denied relief at that time, he could have taken a direct appeal. Defendant offers nothing at this time to excuse his procedural default, and thus, his challenge to the restitution order is barred.[7]

## CONCLUSION

First, because we hold that statutes of limitations are not jursidictional and because defendant knowingly and voluntarily pleaded guilty to the tampering with evidence charge, we conclude defendant waived the statute of limitations bar to that crime. Second, we conclude defendant was not denied effective assistance of counsel because defense counsel obtained a reduction of defendant's maximum possible incarceration from life to thirty

**6.** Because defendant has not provided us with a transcript of the plea proceedings, we will assume the regularity of the proceedings. *See, e.g., State v. Wetzel,* 868 P.2d 64, 67 (Utah 1993) (holding in absence of record of how defendant used peremptory challenges to remove jurors challenged on appeal, appellate court assumed regularity of proceedings below); *State v. Blubaugh,* 904 P.2d 688, 699 (Utah Ct.App.1995)

(holding in absence of transcript of evidentiary hearing on motion to suppress incriminating statements, appellate court assumed regularity of proceedings below).

**7.** We decline defendant's request to remand for more specific findings on this issue.

years and because the factual predicate for defendant's claim fails. Finally, defendant is barred from arguing under Rule 65B of the Utah Rules of Civil Procedure and on appeal that he was inappropriately assessed $160,000 in restitution. Defendant never challenged this award during sentencing, did not appeal the award, and has alleged no unusual circumstances justifying his procedural default. Thus, we affirm the decision of the trial court, dismissing defendant's petition for extraordinary relief.

JACKSON, J., concurs.

BENCH, Judge (concurring in result):

Contrary to the position taken in the main opinion, the issue of whether criminal statutes of limitations are jurisdictional is not an issue of first impression in Utah. We have already stated that criminal statutes of limitations are jurisdictional in nature. *See, e.g., State v. Price,* 837 P.2d 578, 582–84 (Utah Ct.App.1992) (holding statutory limit on time for filing motion to withdraw guilty plea is jurisdictional); *State v. Pierce,* 782 P.2d 194, 196 (Utah Ct.App.1989) (holding criminal statute of limitations is jurisdictional bar to prosecution). The majority's approach is, at a minimum, inconsistent with prior decisions of this court. *See State v. Thurman,* 846 P.2d 1256, 1269 (Utah 1993) (discussing doctrine of stare decisis).

This case is nonetheless affirmable under the rationale set forth in *Waters v. United States,* 328 F.2d 739 (10th Cir.1964), and *United States v. Cooper,* 956 F.2d 960 (10th Cir.1992). Both *Waters* and *Cooper* noted the jurisdictional nature of a criminal statute of limitations and concluded that "if the statute of limitations 'is to have any meaning in the administration of criminal justice, [it] must be held … to operate as a jurisdictional limitation upon the power to prosecute and punish.'" *Cooper,* 956 F.2d at 961–62 (quoting *Waters,* 328 F.2d at 743) (alteration in original).

> The [*Waters*] court did not equate the statute with the concept of subject matter jurisdiction, and we do not believe such a parallel exists. Moreover, while we agree with those courts which hold a defendant can waive the statute of limitations, we do

not look upon such a waiver as a waiver of jurisdiction.

> … [A] defendant can waive the bar to prosecution…. [I]t is most often done when the defendant perceives waiver will work to his or her advantage.

> Thus, by waiving the statute, the defendant neither confers jurisdiction upon the court nor power upon the government to prosecute. In effect, the defendant's waiver of the statute of limitations, in proper circumstances, is a binding agreement not to object to the filing of charges beyond the period of limitations. However, absent that agreement, … the clear language of the statute of limitations prohibits the government from prosecuting beyond that time.

*Id.* at 962. Consequently, the fact that a criminal statute of limitations is a jurisdictional bar to prosecution does not mean that a criminal defendant cannot waive it as part of a plea bargain.

The result reached by the majority is also sustainable for another reason. Unlike the perjury charge that was discussed and rejected by trial counsel, the evidence-tampering charge relates back to the original information. *See* Utah R. Civ. P. 15(c) (stating amendment relates back to date of original pleading "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"); *see also* Utah R. Civ. P. 81(e) ("These rules of procedure shall also govern in any aspect of criminal proceedings where there is no other applicable statute or rule, provided, that any rule so applied does not conflict with any statutory or constitutional requirement."). If a new claim relates back to the date of the original pleading, a party may include it even when the statute of limitations has otherwise run on that claim. *See Ringwood v. Foreign Auto Works, Inc.,* 786 P.2d 1350, 1359 (Utah Ct.App.), *cert. denied,* 795 P.2d 1138 (Utah 1990).

The evidence-tampering charge in the present case arose out of the same occurrence that generated the original aggravated murder charge. The original information

charged defendant with the aggravated murder of his infant son. Defendant concealed the infant's body by discarding it in the Bear River Marina. Because the evidence-tampering charge was an integral part of the originally charged homicide, and was added without objection, it should relate back to the original information.

I therefore concur in the result reached by the main opinion, but not in its analysis of the statute of limitations.