*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2025 UT 45**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

JAMISON SMITH,
*Appellant.*

No. 20230442
Heard April 9, 2025
Filed October 23, 2025

On Appeal of Interlocutory Order

Third District Court, Salt Lake County
The Honorable Vernice S. Trease
No. 221902900

Attorneys:

Derek E. Brown, Att'y Gen., Michael Palumbo, Asst. Solic. Gen.,
Salt Lake City, for appellee

Ann M. Taliaferro, Salt Lake City, for appellant

JUSTICE PETERSEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE HAGEN, and JUSTICE POHLMAN joined.

JUSTICE PETERSEN, opinion of the Court:

### INTRODUCTION

¶1    C.R. alleges that Defendant Jamison Smith sexually abused her between 1988 and 1990. In 2022, the State charged Smith with two counts of sexual abuse of a child based on C.R.'s allegations. During the investigation of these charges, C.R. told a detective that when she was in seventh grade, she was "pulled out of class" and "asked about the sexual abuse."

¶2    Smith moved to dismiss the charges, arguing that the statute of limitations had run. His argument turned on whether C.R.'s communication about the abuse in seventh grade constitutes a "report of the offense to law enforcement officials" under the relevant statute of limitations. UTAH CODE § 76-1-303 (1983).

¶3    The district court held an evidentiary hearing to determine the matter, but it found that the facts were disputed and reserved the issue for the jury at trial. However, Utah Code section 76-1-306 requires statute of limitations issues in criminal cases to be determined by "the judge" by a preponderance of the evidence.

¶4    Accordingly, we reverse and remand with instructions for the court to complete the section 76-1-306 analysis.

**BACKGROUND**

¶5    In 2021, Smith's daughter, G.R., reported to West Jordan Police that Smith had been abusing her since 2012, when she was twelve or thirteen. After she disclosed the alleged abuse, two of Smith's sisters, H.R. and C.R., reported that Smith had similarly abused them while they were growing up. The West Valley City Police Department handled the investigation of the sisters' claims. During the investigation, Detective Carolyn Franco interviewed C.R. over Zoom, and C.R. stated that Smith had abused her from when she was about ten years old until she was about twelve years old. This would have been between the years of 1988 and 1990. During the interview, C.R. said that she "remember[ed] being pulled out of class when she was in the 7th grade and being asked about the sexual abuse." C.R. was "in seventh grade in roughly 1988."

¶6    On March 25, 2022, the State charged Smith with thirty-three felony counts based on the sexual abuse claims, including two counts of sexual abuse of a child related to C.R. The Information alleged that the two offenses against C.R. took place "on or between November 27, 1988 and December 31, 1990." Smith filed several pretrial motions, including a motion to dismiss the charges related to C.R.—counts 20 and 21—on statute of limitations grounds.

*Statutory History*

¶7    We first provide a chronology of the relevant statutes of limitations that have been in place since Smith's alleged abuse of C.R. Before 1983, the Utah Criminal Code did not specifically address sexual offenses against children. So "sexual crimes against children had to be charged under the general statutory crimes of

rape, sodomy, or sexual abuse" and "were covered by the four-year catchall statute of limitations . . . applicable to all felonies that were not otherwise covered by a crime-specific limitations period." *State v. Lusk*, 2001 UT 102, ¶ 13, 37 P.3d 1103 (cleaned up).

¶8 In 1983, the legislature defined the crime of "sexual abuse of a child" and enacted a statute of limitations specific to that offense. UTAH CODE §§ 76-1-303(c), 76-5-404.1 (1983). The statute required a prosecution of sexual abuse of a child to be commenced within one year of a "report of the offense to law enforcement officials, so long as no more than eight years elapsed since the alleged commission of the offense." *Id.* § 76-1-303(c) (1983). This was the statute of limitations in place at the time of Smith's alleged abuse of C.R.

¶9 But the statute of limitations has changed since then. In 1991, the legislature amended section 76-1-303 and replaced the existing timelines with a limitations period permitting prosecution of sexual abuse of a child any time "within four years after the report of the offense to a law enforcement agency." *Id.* § 76–1–303(3) (1991). Then, in 2008, the legislature repealed the limitations period entirely, allowing this offense to be prosecuted "at any time." *Id.* § 76-1-301(14) (2008). This remains the state of the law today. *Id.* § 76-1-301(2)(n) (2025).

*Pretrial Motions*

¶10 Before trial, Smith moved to dismiss the two counts of sexual abuse of a child involving C.R. (counts 20 and 21), arguing that the statute of limitations had expired. Smith contended that when C.R. was taken out of class in seventh grade and asked about the abuse, it constituted a "report of the offense to law enforcement officials." UTAH CODE § 76-1-303(c) (1983). And because the statute of limitations in place at the time required any prosecution of the offenses she reported to commence within one year, Smith argued that the statute of limitations had expired in 1989, and consequently the longer limitations period enacted in 1991 could not resuscitate the charges.

¶11 The State opposed Smith's motion. It argued that C.R.'s communication about the abuse in seventh grade was not a "report of the offense to law enforcement officials." *Id.* Consequently, the State reasoned that in the absence of any such report, the eight-year limitations period applied at the outset. *See id.* Then, it asserted that because the statute of limitations would not have run before the limitations period was enlarged in 1991, C.R.'s claims would have

been subject to the 1991 amendment's longer limitation period permitting prosecution any time within four years after a report to law enforcement. And finally, the State contended that C.R. did not trigger the running of the limitations period by reporting her claim at any point before the 2008 amendment abolished the statute of limitations entirely. Thus, by the State's calculations, the statute of limitations on C.R.'s claims had not expired when the State brought these charges.

*Pretrial Hearings*

¶12 The district court held a hearing on Smith's motion to dismiss. It first identified two sources of law that it viewed as controlling the statute of limitations issue: *State v. Pierce*, 782 P.2d 194 (Utah Ct. App. 1989), and Utah Code section 76-1-306.

¶13 Decided by the court of appeals in 1989, *State v. Pierce* held that the State "bears the burden of proving that a criminal action is not barred by the statute of limitations, whenever that issue is properly raised." 782 P.2d at 196. And it concluded the State's burden of proof was "beyond a reasonable doubt." *Id.* The *Pierce* court contemplated that the district court could hold an evidentiary hearing on the matter if necessary, and it directed district courts to rule on statute of limitations questions "as a matter of law" if "the evidence is sufficiently clear." *Id.* But it instructed that if "it cannot be said that as a matter of law the statutory period has run, the issue is a question of fact" that the district court should submit to the jury. *Id.* (cleaned up).

¶14 In 1998, nine years after *Pierce* was published, the legislature enacted section 76-1-306. It provides: "When an issue concerning the statute of limitations is raised, the judge shall determine by a preponderance of the evidence whether the prosecution is barred by the limitations in this part." UTAH CODE § 76-1-306. The district court read section 76-1-306 as narrowly superseding *Pierce* as to the evidentiary burden—changing it from "beyond a reasonable doubt" to "a preponderance of the evidence." But otherwise, it understood *Pierce* to be controlling.

¶15 At the pretrial hearing, the court concluded that Smith had "raised" a statute of limitations issue by offering the probable cause affidavit as evidence and relying on the following statement within it: "C.R. also explained that she also remembers being pulled out of class when she was in 7th grade and being asked about the sexual abuse." The court explained that since Smith had raised the issue, the State would need "to put on something to satisfy the

preponderance of the evidence requirement" in order to survive dismissal.

¶16  The State called Detective Franco as its only witness. Detective Franco worked for the West Valley City Police Department and had been assigned to investigate C.R.'s case. She testified that as part of her investigation, she contacted the Utah Division of Child and Family Services (DCFS) to find out whether it had any record of a report being made in relation to C.R. around the time she was in seventh grade. DCFS told her that "they didn't have record of a report ever being made." But DCFS also told her that they do not keep records that old; so even if a report was made at the time, it would no longer be in their system. Detective Franco testified that she searched local law enforcement records but found no report. However, she added that she was unsure whether records of that age would still be retained.

¶17  When asked about her interview with C.R., Detective Franco stated, "From what I recall, she never told me who she spoke to, but she did tell me she felt ashamed, and she told me that she didn't remember lying about what was happening."

¶18  After Detective Franco's testimony, Smith argued that the State had failed to meet its burden to prove that the statute of limitations had not expired. He urged the court to dismiss the charges, arguing that: "If nobody can actually remember now, then that means that they didn't bear their -- their burden . . . they have to prove that it wasn't reported to -- to law enforcement. I don't have to prove that it was."

¶19  But the district court declined to dismiss the case. Citing *Pierce*, it explained that even if the State's evidence was insufficient for the court to conclude as a matter of law that the prosecution was not time-barred, the result would not be dismissal but sending the issue to the jury at trial.

¶20  Grappling with the difficulty of proving a negative—that C.R. did *not* make a report to law enforcement in the seventh grade—the State requested a continuance to present additional evidence. The district court granted the continuance over Smith's objection.

*First Continued Hearing*

¶21  At the continued hearing, the State moved to admit a letter from West Valley City's records keeper. But the defense objected that the letter was hearsay and that the State had failed to lay a

proper foundation. The court sustained the objections. With no other evidence or witnesses to put on that day, the State requested another continuance, emphasizing again the difficulty inherent in attempting to prove a negative: "We're trying to show an absence of a record." The district court granted the State's request for a continuance "one more time."

### *Second Continued Hearing*

¶22 At the second continued hearing, the State called Ashley LeClaire, the records director for the West Valley City Police Department. LeClaire testified that she assisted detectives in searching for records concerning Smith or C.R. In sum, she testified that records from the relevant period were not digitized and were stored on aging microfiche, making them difficult to access and requiring a search that "could take months."

¶23 Smith then called two witnesses—Scott Miller and Christopher Bertram, both former law enforcement officers with experience investigating juvenile cases. Miller testified that "if a student was pulled out of class, they would likely be sequestered in an administrative office by the [] principal or assistant principal and then held there until some type of investigation could occur." He clarified that "standard operating procedure at that time" was for the investigation to be conducted by a law enforcement officer. He also testified that investigators would usually take handwritten notes in a small notebook, and that it was "not uncommon" for a case that was deemed a "no case" to not be documented. Thus, he felt it was possible that, even if C.R. reported the alleged abuse, the record may have never made it into the official recording system.

¶24 Bertram, who worked as an officer in a "school unit" from 1992 to 1995, confirmed that in school units "not everything was recorded." He explained that "there were items that as an investigator, and especially a school resource officer . . . that you would take information in but not necessarily write a sheriff's office report." He indicated this was especially the case if you thought the information "didn't rise to the level of a criminal [sic] that would be able to be prosecuted."

¶25 After Smith's witnesses finished testifying, the State sought to introduce testimony from C.R. in rebuttal. The State proffered that C.R. would testify that when she was pulled out of class in seventh grade, "she spoke to two individuals, who seemed like child service employees" and that "there was nothing about them that made her believe they were police of any kind." Smith

objected to the proffer, arguing that C.R.'s testimony was inappropriate as rebuttal evidence. The court agreed and excluded C.R.'s testimony.

¶26 The court then orally ruled on Smith's motion to dismiss. It first reiterated that it was operating under the framework set out by *State v. Pierce*:

> [It] is not an all or nothing . . . [*Pierce*] also provides that if the evidence is not sufficiently clear on the issue, and the issue cannot be resolved as a matter of law, then the issue should be presented or the question should be presented to the trier of fact.

The court then explained that there was still an open "question of fact as to whether or not, when C.R. was pulled out of her class in seventh grade, that there was an actual report made to law enforcement." And because there was "still a disputed issue as to whether a report was made," the court concluded that "the issue cannot be resolved as a matter of law and, therefore, is an issue or a question of fact for the jury to decide."

¶27 The court later incorporated this oral ruling into a written order with findings of fact and conclusions of law. There, the court stated that "due to the lack of proper and reliable record keeping by law enforcement during the relevant period, it cannot be said as a matter of law that the statute has run or not run. Therefore, this issue is a question of fact that should be determined by the jury." The district court denied Smith's motion to dismiss, leaving the issue for the jury to decide at trial.

¶28 Smith petitioned for interlocutory review, to which the State stipulated. We granted the petition. We have jurisdiction under Utah Code subsection 78A-3-102(3)(h).

## STANDARD OF REVIEW

¶29 We review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions. *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 12, 267 P.3d 863. We similarly review a district court's interpretation of caselaw for correctness. *Univ. of Utah v. Tullis*, 2025 UT 17, ¶ 13, 570 P.3d 367.

## ANALYSIS

¶30 The parties both agree that it was error for the district court to leave the statute of limitations question for the jury rather than

resolving the issue itself. They disagree, however, about what the court should have done and how we should resolve the statute of limitations issue on appeal.

¶31 Smith argues that the State failed to prove by a preponderance of the evidence that the two counts related to C.R. are not barred by the statute of limitations. Accordingly, Smith contends that the prosecution must be dismissed.

¶32 On the other hand, the State argues that we should clarify the applicable law and remand for the district court to apply the correct legal standard.

¶33 We agree with the parties that the district court erred in reserving the statute of limitations question for the jury instead of deciding it. The district court followed guidance from *State v. Pierce* that has been superseded by statute. 782 P.2d 194, 196 (Utah Ct. App. 1989). Section 76-1-306 requires a district court to act as a factfinder, and to determine by a preponderance of the evidence whether a prosecution is time-barred as a matter of fact and law. But, applying *Pierce*, the district court concluded it could rule on the statute of limitations question only if the evidence was clear enough to allow it to decide the issue as a matter of law. This was incorrect.

¶34 However, we decline Smith's invitation to make a final determination on appeal about whether the State met its burden. The district court did not resolve disputes of fact nor make the findings necessary to answer that question, as section 306 requires. Accordingly, we reverse and remand for the district court to make additional factual findings as necessary and apply the correct legal standard. We leave to the district court's discretion whether to take additional evidence.

I. THE DISTRICT COURT ERRED WHEN IT RESERVED THE STATUTE OF LIMITATIONS ISSUE FOR THE JURY INSTEAD OF DECIDING THE ISSUE ITSELF

¶35 We begin our analysis by looking to the controlling statute. Section 76-1-306 of the criminal code states: "When an issue concerning the statute of limitations is raised, the judge shall determine by a preponderance of the evidence whether the prosecution is barred by the limitations in this part."

¶36 Thus, section 306 is implicated in a criminal case when "an issue concerning the statute of limitations is raised." UTAH CODE § 76-1-306. It is implicit in this language that a district court must

determine whether a party—presumably the defendant, although this provision is written in the passive voice—has sufficiently "raised" an issue concerning the statute of limitations.

¶37 If so, section 306 requires "the judge" to decide whether the prosecution is barred by a preponderance of the evidence. Thus, the district court is tasked with deciding whether the statute of limitations has run both as a matter of fact and as a matter of law.

¶38 In addition to this statute, the district court relied on precedent from the court of appeals addressing how trial courts should decide statute of limitations disputes in criminal cases. *See State v. Pierce*, 782 P.2d 194, 196 (Utah Ct. App. 1989). But importantly, *Pierce* pre-dated section 76–1–306. And when section 306 was enacted, it superseded *Pierce* to the extent that *Pierce* conflicted with the statute. *See Patterson v. Patterson*, 2011 UT 68, ¶ 37, 266 P.3d 828.

¶39 Thus, section 306 controls when an issue concerning the statute of limitations is raised in a criminal case. Judicial precedent on the topic may also apply, as long as it is not in conflict with section 306.

### A. *Smith Raised an Issue Concerning the Statute of Limitations*

¶40 Here, the district court concluded that Smith had sufficiently "raised an issue concerning the statute of limitations by presenting the statement of C.R. to Det[ective] Franco that when she was in seventh grade she was taken out of class and asked about sexual abuse." The State does not contest, for purposes of this appeal, that this evidence raised a statute of limitations issue.[1] Because there is no dispute before us on that point, we do not address it further. We also observe that the district court and the parties appear to assume that if the seventh-grade communication is deemed to be a report to law enforcement, the timing of the alleged offense and the timing of C.R.'s report are such that the statute of limitations would have run by the end of 1989. Accordingly, we make this assumption for purposes of this appeal.

---

[1] We note that section 306 does not define what it means to "raise" a statute of limitations issue. However, the State has assumed, for purposes of this appeal, that Smith has done enough to raise the issue here. So there is no dispute about the precise meaning of the term "raise" before us.

B. *Section 306 Required the District Court to Decide the Statute of Limitations Issue by a Preponderance of the Evidence*

¶41 Because the district court concluded that Smith had sufficiently raised a statute of limitations issue, section 306 required the district court to decide whether the prosecution was time-barred by a preponderance of the evidence.

¶42 To do this, a court must first identify the applicable statute of limitations for the offense. Both parties agree that we begin with the statute of limitations in effect at the time of the alleged criminal conduct. *See State v. Lusk*, 2001 UT 102, ¶ 18, 37 P.3d 1103. Here, the Information alleges that Smith sexually abused C.R. "on or between November 27, 1988 and December 31, 1990." *See* UTAH CODE § 76-5-404.1(2). And as discussed, the applicable statute of limitations at the time required a prosecution of sexual abuse of a child to commence within one year after "the report of the offense to law enforcement officials," as long as no more than eight years had elapsed from the time of the alleged offense. UTAH CODE § 76–1–303 (1983).

¶43 Accordingly, if C.R. did *not* report the alleged sexual abuse to law enforcement officials in the seventh grade—and assuming that C.R. did not report the sexual abuse until 2021 in connection with this case—the statute of limitations would not have expired before the State charged Smith with counts 20 and 21. With no report, the initial statute of limitations was eight years—which would have expired sometime between November 27, 1996, and December 31, 1998, depending on when the alleged abuse took place. *See supra* ¶¶ 7–9; UTAH CODE § 76-1-303 (1983). And because the limitations period would not have expired before the subsequent enlargements of the statute of limitations for sexual abuse of a child in 1991 and 2008, those enlargements would have applied to the charges here. *See supra* ¶ 9. "A statutory amendment enlarging a statute of limitations will extend the limitations period applicable to a crime already committed . . . if the amendment becomes effective before the previously applicable statute of limitations has run." *State v. Green*, 2005 UT 9, ¶ 20, 108 P.3d 710 (cleaned up). Thus, in 1991, the applicable statute of limitations would have been extended to allow prosecution "within four years after the report of the offense to a law enforcement agency." UTAH CODE § 76-1-303 (1991); *see supra* ¶ 9. And in 2008, the applicable limitations period would have been eliminated, allowing this

prosecution to be "commenced at any time." UTAH CODE § 76-1-301(14) (2008); *see supra* ¶ 9.

¶44 On the other hand, if C.R. made a communication in seventh grade that is deemed to be a "report of the offense to law enforcement officials," UTAH CODE § 76–1–303 (1983), then the limitations period would have run one year later, in 1989, *see supra* ¶ 40. And neither the 1991 amendment nor the 2008 amendment would have had any effect because "no subsequent amendment of a statute that enlarges a limitations period can resurrect the State's ability to prosecute a crime already barred because of the running of the statute of limitations." *Lusk*, 2001 UT 102, ¶ 26.

¶45 Thus, while the ultimate question before the district court was whether counts 20 and 21 were time-barred, the answer to that question depended on whether C.R.'s recollection of being "pulled out of class" and "asked about the sexual abuse" in "roughly 1988" was a "report of the offense to law enforcement officials." And section 306 establishes that the statute of limitations issue must be determined (1) by "the judge" and (2) by a "preponderance of the evidence."[2]

¶46 Although the district court did apply parts of section 306, it did not resolve the question of whether C.R. made a report to law enforcement in the seventh grade, and it did not make an ultimate determination as to whether counts 20 and 21 were time-barred. This was because, in addition to section 306, the district court also relied upon *Pierce*.

¶47 As discussed, *see supra* ¶ 13, in that case the court of appeals held that the State has the burden to prove that the prosecution is not time-barred "beyond a reasonable doubt." *Pierce*, 782 P.2d at 196. It further instructed that "a trial court has the discretion to consider evidence concerning [the] running of a statute of limitations in pre-trial proceedings," and if "the evidence is sufficiently clear, the issue may be resolved as a matter of law." *Id.* But if "it cannot be said that as a matter of law the statutory

---

[2] Appellate precedent prior to the enactment of section 76-1-306 placed the burden of proof on the State. *See State v. Pierce*, 782 P.2d 194, 196 (Utah Ct. App. 1989) (explaining that "the State bears the burden of proving that a criminal action is not barred by the statute of limitations, whenever that issue is properly raised"). That caselaw has not been superseded because section 76-1-306 does not address which party bears the burden of proof.

period has run, the issue is a question of fact for the trier of fact." *Id.* (cleaned up).

¶48 The district court recognized that some of *Pierce*'s guidance had been superseded by section 306. For example, it applied the preponderance standard from section 306 instead of the beyond-a-reasonable-doubt standard identified in *Pierce*.

¶49 But it did not recognize that *Pierce*'s procedure allowing for statute of limitations questions to be sent to the jury, *id.*, conflicted with section 306's directive that the issue must be decided by "the judge," UTAH CODE § 76-1-306. Consequently, on this point, section 306 controls and mandates that the judge must determine, by a preponderance of the evidence, whether the prosecution is barred, as a matter of fact and law.

¶50 Accordingly, the district court erred in reserving the issue of the statute of limitations for the jury.

## II. A REMAND TO APPLY SECTION 306 IS APPROPRIATE

¶51 While the parties agree that the district court should have decided whether the prosecution of counts 20 and 21 was time-barred, they disagree about the consequences of this error.

¶52 Smith urges us to remand the case with instructions for the district court to dismiss counts 20 and 21. He argues that it was the State's burden to prove by a preponderance of the evidence that the prosecution of these charges was not barred. And according to Smith, the district court's conclusion that "it cannot be said as a matter of law, that the statute has run or not run," equates to the court determining that the State did not meet its burden. Consequently, Smith argues that the district court erred in not dismissing the counts at that point.

¶53 The State disagrees. It asks us to remand the case to the district court with instructions to apply section 306. We agree that this is the proper course.

¶54 The district court's ruling does not equate to a determination that the State failed to meet its burden of proof. Rather, it is the result of the court following *Pierce*'s now-superseded guidance that a court could resolve a statute of limitations issue in a criminal case only if the evidence was "sufficiently clear" and the issue could be decided "as a matter of law." *State v. Pierce*, 782 P.2d 194, 196 (Utah Ct. App. 1989). Following these instructions, the district court ended its inquiry

when it determined that there were disputes of material fact. And rather than resolving these disputes, the court concluded that they prevented it from resolving whether C.R. had made a report to a law enforcement official. Thus, in this posture, the district court's conclusion that it could not determine as a matter of law whether the limitations period had run does not mean that the State failed to prove by a preponderance that the charges were not time-barred. It just means that the court followed *Pierce* and therefore did not complete the analysis that section 306 requires.

¶55 Section 306 contemplates that the district court will act not only as a judge, but also as a factfinder. Disputes of material fact do not end the court's inquiry. Rather, the court must find any facts necessary to determine, by a preponderance of the evidence, whether the charges are time-barred.

¶56 Accordingly, the proper course is not dismissal of the charges, but a remand to the district court with instructions to apply section 306 and determine whether the charges are time-barred by a preponderance of the evidence. Smith argues that the State should not be permitted to provide the court with any additional evidence on remand. We leave this decision to the discretion of the district court.

## CONCLUSION

¶57 When a party raises an issue concerning the statute of limitations in a criminal case, section 76-1-306 controls. And that provision requires the district court to determine, as a matter of fact and law, whether the charges are time-barred by a preponderance of the evidence. We reverse and remand for the district court to complete that determination.

───────────